## Winston's Administrator v. City of Henderson.

(Decided February 8, 1918.)

### Appeal from Henderson Circuit Court.

1. Municipal Corporations—Automobiles—Action by Guest for Injury.
—One who is injured through a defect in a street while riding as
a guest in an automobile, can not recover of the city where the
negligence of the driver contributed to the injury, if the guest
before entering the car knew the driver was unskilled, incom-
petent, or intoxicated to such an extent as to be unable to exercise
that degree of care usually employed by persons engaged in
operating automobiles under like circumstances.

2. Negligence—Drunkenness.—Drunkenness of itself does not amount
to negligence, or contributory negligence, unless it so incapacitates
a party as to and it does render him unable to exercise that
degree of care which he owes under the circumstances.

3. Municipal Corporations—Passenger in Automobile—Negligence of
Chauffeur.—A passenger who enters an automobile for a pleas-
ure drive at the time knowing the chauffeur to be incompetent
or intoxicated to such an extent that he is unable to guide the
car, is guilty of such negligence in thus intrusting himself to
such chauffeur as to defeat a recovery for an injury received
through a defect in the street, if the negligence, or incapacity of
the drunken chauffeur, was such as it directly contributed to the
injury and but for which the injury would not have resulted.

WOODWARD & DIXON for appellant.

B. S. MORRIS and VANCE & HIELBRONNER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Can one who is injured through a defect in a street,
while riding as a guest in an automobile, recover of the
city where the negligence of the driver contributed to the
injury if the guest before entering the car knew the
driver was unskilled, incompetent or intoxicated to such
an extent as to be unable to exercise that degree of care
required of a person engaged in operating automobiles
under like circumstances? That is the principal ques-
tion presented by the facts of this case.

About midnight of June 18th, 1916, William Winston
and a companion named Nunnelly, two colored men, ob-
tained from a garage in Henderson, Kentucky, a Ford
automobile for the purpose of taking a pleasure drive
in company with two colored women. While driving out
South Green street, in that city, the car ran into a ditch

at the side of the street, overturning and inflicting injuries upon Winston from which he shortly thereafter died.

It is alleged in the petition that it was the duty of the city to keep and maintain its streets in a reasonably safe condition for the travel of the public and that it had failed to perform this duty, allowing South Green street at the point of the accident to fall into bad repair in that a small wash or drain, about four or five feet long and several inches deep, had been allowed to remain in the edge of the street near a large ditch carrying a stream, for several weeks next before the accident, and that the city and its officers knew of this defective condition of the street in time to have repaired it before the injury. The allegations of the petition upon this subject were traversed by the answer, and it was affirmatively alleged by the city that Winston and his companions were drunk on the occasion of the accident "and while the deceased, Winston, and the other occupants of said car were in a drunken condition as aforesaid, the said automobile or car was so negligently and carelessly driven that it ran into a ditch on the east side of said Green street, at the point where said accident occurred, and the said car or automobile was overturned and the said deceased, William Winston, and the other occupants of said car or automobile were thrown from out of same and into said ditch, resulting in the injuries complained of in the petition. . . . And Winston was not exercising ordinary care for his own safety but at said time was acting in utter disregard thereof." It is further charged in the answer that the sole and only cause of decedent's injury and death, "was the carelessness and negligence and want of care on the part of said decedent, William Winston, for his own safety as above set forth"; and "William Winston was himself guilty of negligence, which contributed to cause and bring about all of the injuries of which plaintiff complains." Evidence was introduced to show a defect in the street and that this defective condition had continued for many weeks before the accident; and further, that at least some of the officials of the city, including one councilman, knew of the defect. The city denied knowledge of the defect in the street, or that it was defective, and called witnesses to prove that Winston and his companions were engaged in taking what is commonly called a joy ride, and were driving at a danger-

ously high rate of speed, hollowing and laughing; that the driver, Nunnelly, knew. of the ditch and its location and condition; that in approaching it going down hill he speeded up the car, and instead of keeping to the right, as the law of the road requires, negligently drove to the left onto the bank of the ditch; that both Winston and Nunnelly were drunk or drinking and unable to properly guide and control an automobile, and that as a consequence of the drunkenness and inability, the accident happened.

A trial before a jury resulted in a verdict in favor of the defendant city.

Upon this appeal the administrator of William Winston complains:

First—That the verdict is not supported by sufficient evidence;

Second—The court erred in instructing upon contributory negligence, and in other instructions to the jury;

Third—The court erred in admitting incompetent evidence and in rejecting competent evidence offered by the administrator.

In appellant's brief, it is asserted to be reversible error for the court to admit evidence showing Winston's intoxicated condition. It is urged that whether drunk or sober Winston being a passenger on the rear seat of the automobile would have received the same injuries, he having no control over the car or its driver. The city contends that Winston was guilty of contributory negligence, while appellant insists there was a total failure of evidence to establish negligence on the part of Winston which contributed to his injury.

While the status of the parties is not affected by the drunkenness of one of them in a case of this character, unless by reason of such intoxication the one injured failed to exercise such care for his own safety as might be ordinarily expected of a sober person of ordinary. prudence under similar circumstances, and but for such failure on his part the injury would not have happened, yet the jury may consider the fact of intoxication as a circumstance along with other evidence. One is. not relieved of the duty of exercising ordinary care for his own safety by voluntary intoxication. And' while appellant insists it was prejudicial error to admit evidence showing the insobriety of decedent, we are constrained to the view that the jury was entitled to all the facts, especially

those showing or tending to show contributory negligence on his part.

In a case where a plaintiff was run down by a buggy occupied and driven by two intoxicated persons, on a public highway, this court in allowing evidence of the intoxicated condition of the driver, held: "The admission of evidence tending to show that the appellants were more or less intoxicated at the time the injury was inflicted is not, therefore, open to question. If it were, however, it was unquestionably competent. The issue was whether the appellants were guilty of neglect. Intoxication ordinarily deprives one of the same power to exercise caution as when sober." Alexander & Alexander, &c. v. Humber, 86 Ky. 569.

In Berry on Automobiles, 2 ed., p. 188, it is said:

"It has been held that the act of intoxication on the part of the operator of an automobile which causes injury to another, is not in and of itself such negligence as will authorize recovery. It may be pleaded and proved by way of inducement, for the purpose of illustrating the negligent conduct alleged against the defendant; but if one, although intoxicated, drives his machine in a proper manner and observes the law in every respect, he can not be held liable for an injury inflicted by his machine merely because he was intoxicated at the time."

When two or more persons voluntarily drive or ride an automobile upon a public highway at a dangerously high rate of speed merely for the purpose of enjoying the exhilarating and pleasurable sensations incident to the swirl and dash of rapid transit, they may properly be said to be engaged in joy riding. Such joy riders not only assume the risks of danger attendant upon the sudden and violent movements of the car, but also such as arise from the inability of the driver, when traveling at a high rate of speed, to make short, quick stops to avoid collisions, or defects in the street, or direct the car at bends or curves in the road so as to keep in the traveled way.

It is said that there is no evidence showing contributory negligence on the part of Winston since he was not in charge of the car, and had no control over it. We can not assent to this proposition, because the evidence shows that Winston and Nunnelly were associated together for some hours on the evening before the accident and had been in and about restaurants and saloons together, and had just walked, talking the while, from a restaurant to

the garage before entering the car. Winston was fully acquainted with Nunnelly's intoxicated condition, if he was intoxicated; he knew all the facts or had the opportunity of knowing them before he entered the car, and is, therefore, charged with that knowledge. If, as the evidence conduces to show, Nunnelly, the driver, was intoxicated and with this knowledge Winston voluntarily entered the car to take a pleasure drive, he was guilty of negligence which directly contributed to his injury. One who voluntarily permits himself to be driven about the streets in a motor car operated by a drunken chauffeur does not exercise ordinary care for his own safety, and he assumes the danger incident to such drive when he voluntarily places himself in a car which is managed and controlled by an intoxicated driver. This is not because of the imputed negligence rule but because of the personal negligence of the passenger. This doctrine has been recognized in many instances.

In the case of Titus v. New Scotland, 90 Hun. 468, N. Y., it was held: "The negligence of a driver under the influence of liquor, driving a private wagon at night along a defective highway, is imputed to his companion riding with him and too intoxicated to keep his seat in the wagon, in case of the latter's death by the overturning of the wagon upon him at an unrailed bridge over a creek crossing the highway, and prevents his administrator from recovering for his death from the municipality on account of the defective highway." See also Donnelly v. Brooklyn City Railway Co., 109 N. Y. 16; Payne v. C., R. I. & P. R. Co., 39 Iowa 523.

Undoubtedly it is sound doctrine to hold, "A passenger, the guest in an automobile operated by another, is bound to exercise reasonable care for his own safety, and that a failure to do so constitutes contributory negligence and bars recovery against a third person for injury resulting, in part, from the operator's negligence." And with greater reason one about to enter a car should exercise reasonable care to see that the driver in charge is an experienced, reasonably safe and sober person, and if he fails to do this and injury results to him from a defect in the street to which the negligence, want of skill or care on the part of the driver contributed, such negligence is chargeable to him.

The evidence further shows that after the car struck the wash or drain in the street of which complaint is

made, Nunnelly, the driver, in attempting to guide the car out of the gully broke the radius rod, thereby crippling the stearing gear and losing control of the car, nevertheless, he put on extra power in order to drive the car out of the gully and in doing so ran it along the edge of the main ditch for several feet before the car overturned, causing the injury. There is no contradiction of this evidence. Obviously, it was negligence on the part of the driver assumed, under the facts in this case, by decedent, to undertake to drive the car out of the gully by putting increased power to it after the stearing gear was broken, and he was unable to guide it. A prudent person would have stopped the car instead of attempting to speed it up.

It has been held by this court that drunkenness of the injured party does not excuse the negligence of a city in leaving an open pit in a street into which a pedestrian falls while using the street at night, but if the intoxicated condition of the injured man was such that he was rendered unable to and, therefore, did not exercise that degree of care usually employed by reasonably prudent persons under like circumstances, then voluntary drunkenness amounts to contributory negligence. City of Covington v. Lee, 28 Ky. Law. Rep. 492; 28 S. W. 493.

With more reason may it be held that while the negligence of the driver of an automobile is not imputable to a passenger riding in the rear seat of a car who has no control over the car, but who is not relieved of the duty of exercising ordinary care for his own safety, the passenger is guilty of contributory negligence and cannot recover, if injured by the car being overturned when driven over an embankment through the negligence or recklessness of a drunken or incompetent driver, the passenger previously informed of such drunkenness or incompetency is charged with negligence in intrusting himself to such driver and exposing himself to the dangers of such a drive.

It may be stated generally that drunkenness of the injured party does not change the status of the litigants in a suit for damages on account of negligence; but if it be shown that the injured party was so incapacitated by voluntarily drinking intoxicants that he lost use of his limbs, or was reckless, or careless, and this want of care, no matter how occasioned, contributed to bring about the injury, and but for which the injury would not have happened, the drunkenness at once becomes an im-

portant consideration and may be shown in evidence to the jury.

Even while prosecuting a journey if the driver becomes intoxicated so as to lose control of the vehicle, or is reckless, and this is known to the passenger, ordinary care requires the passenger to call upon the driver to stop and allow him to alight, or turn the management of the vehicle over to another capable of properly directing it, and if the passenger fails to exercise such care and is injured as a result of the negligence or recklessness of the driver and a third person, he may not have recourse of such third person, this being denied him because of his own negligence rather than upon the ground that the negligence of the driver is imputed to him.

All recognize the rule that a passenger in any conveyance, public or private, related or unrelated to his driver, must, in order to recover for injuries sustained through the negligence of a third party, be himself wholly free from contributory fault. The supreme court of California held that if the driver is a careless or reckless one and the injured person knew it, proof of these facts is competent and relevant upon the showing of the passenger's own contributory negligence in going on a ride with such a driver. Bressee v. Los Angeles Traction Co., 5 L. R. A. (N. S.) 1059; 85 Pac. 152.

It is held by the courts of Texas that if a passenger in a hired automobile urge the chauffeur to run the machine at an excessive rate, or if the passenger acquiesce in the demands of his companions for a higher rate of speed, and is injured as a result of a defective street and the negligence of the driver, the passenger's negligence so contributed to his injury as to defeat a recovery.

The Indiana courts have held that where the vehicle is in charge of an intoxicated driver, the passenger is not sufficiently free from negligence on his part to warrant a recovery where the injury results from reckless driving. Bannen v. Kokomo & G. & J. Gravel Road Co., 115 Ind. 115.

The same court in Vincennes v. Thuis, 28 Ind. App. 532, held: That it was as much the duty of the guest to use reasonable care and judgment to learn of and avoid danger as it is the duty of the driver, and that when an injury results to a traveler on the highway negligently obstructed by a municipality, under such circumstances that the municipal corporation would have been liable for

the injury had the traveler himself been free from negligence, the city will not be held liable where the guest was riding in a buggy driven at a high and reckless speed by one more or less intoxicated on a dark night and with knowledge of obstacles in the street, his contributory negligence being plain. Nòr can a passenger assume that the driver is exercising ordinary care when the acts and conduct of the driver in the presence of the passenger is such as to impress a reasonably prudent person that the driver is reckless or is intoxicated to such an extent as to be unable to properly manage and control the vehicle. Undoubtedly if the guest is cognizant of danger resulting in injury, and fails to call the driver's attention to it, but permits him to drive recklessly into it without protest on his part, no recovery can be had. Cunningham v. Thief River Falls, 84 Minn. 21.

The Missouri courts hold that an occupant of a vehicle may not intrust his safety absolutely to a driver regardless of the imminence of danger, or the visible lack of ordinary caution on the driver's part to avoid harm. If a passenger is aware of the danger and that the driver is remiss in guarding against it, and takes no care of himself to avoid injury, he can not recover for the injury sustained. This is not because the driver's negligence is imputable to the passenger, but because the person's own negligence contributes to his damage. Fechley v. Springfield Traction Co., 119 Mo. App. 358.

In New York it was held that one invited to ride in a vehicle and who is thrown out by running on a pile of rubbish on the highway, negligently left there, can not recover for his injuries of him who placed it there, if it is shown that the driver was intoxicated and was driving rapidly and recklessly and the injured man fails to remonstrate, or do anything to discover and avoid danger. Meenagh v. Buckmaster, 26 App. Div. 451 (N. Y.)

Pennsylvania has adopted the rule that a traveler by night in a wagon driven by a drunken driver, known to him to be intoxicated, can not recover for injuries suffered by the overturning of the vehicle at the side of the road in consequence of driving over a high bank which was without a fence, since the acts constitute negligence as a matter of law. Hurschy v. Mill Creek, T. W. P. 6th Sadler (Pa.) 459.

In Foley v. East Flamborough, T. W. P., 26 Ont. App. Rep. 43, it is held: That a person riding in a private

conveyance and is injured or killed by the upsetting of the vehicle over an obstruction in the highway run upon by a horse, is chargeable with negligence if he intrusts himself to a drunken driver, or to a driver incompetent from intoxication to control the team, can not recover damages from the party responsible for the condition of the highway. For other cases holding to the same effect, see note II., 8th L. R. A. (N. S.) 691.

Undoubtedly evidence, tending to show the intoxicated condition of Winston, was competent upon the trial to prove that Winston was not exercising that degree of care which a reasonably prudent person under the circumstances would usually exercise for his own safety. And while we do not hold that the negligence of Nunnelly, the driver, is imputable to Winston, nevertheless Winston was guilty of negligence in intrusting himself to such driver, he at the time being in possession of all the facts and knowing of the intoxicated condition of Nunnelly. This of itself was negligence which so contributed to the injury and death of Winston that but for which Winston would not have been injured. The trial court properly submitted the question of contributory negligence to the jury.

The other instructions are rather long and involved. We are not prepared to say that they do not properly submit to the jury the questions to be decided. We are of opinion the jury was justified by the evidence in returning a verdict for defendant.

There appearing no prejudicial error the judgment is affirmed.