## Rennolds' Administratrix v. Waggener.

(Decided Nov. 23, 1937.)

STOUT & HERDMAN for appellant.

LAURENCE B. FINN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On the evening of November 27, 1934, Allen B. Waggener, Johnny Paul Stearnes, and Ned Hill, three young men who resided at Burkesville, Ky., and E. E. Rennolds, a traveling salesman of Bowling Green, Ky., arranged to attend a ball at Glasgow, which is about 40 miles from Burkesville. They left Burkesville about 8 o'clock p. m., all riding in a coupe belonging to Waggener. They attended the dance and during intermission about midnight had lunch and some liquor, but the evidence shows that none of them were under the influence of liquor to an appreciable degree at any time during the night. During the intermission and when they were starting home about 3:30 a. m., there was a

discussion about how hard they had worked the day before and how tired and sleepy they were. On the return trip Rennolds drove the automobile for about 20 miles to where they stopped and all took a drink from a spring. Rennolds made some complaint about being sleepy and tired and asked Waggener to drive. Waggener testified that he was also very sleepy and walked around the automobile to arouse himself, and when they got into the automobile he cautioned the others that he was sleepy and requested that they remain awake and talk to him to keep him from going to sleep. Hill and Stearnes were on the seat to the right of Waggener, and Rennolds was in the lap of the one sitting next to the door. Shortly after leaving the spring all of the occupants of the automobile except Waggener went to sleep. He testified that he tried to arouse them but failed in his efforts. When within about three miles of Burkesville he also went to sleep and the automobile ran off the road and overturned. Rennolds, who sustained serious injuries, was immediately taken to a hospital at Glasgow, where he died that day as a result of his injuries.

Thereafter Nellie S. Rennolds, the widow of the deceased, as his administratrix instituted this action to recover damages for the death of her husband, alleging in substance that the injuries which resulted in his death were due to the negligence of Waggener in the operation of the automobile. By answer Waggener made a general denial of the allegations of the petition and in a second paragraph affirmatively pleaded contributory negligence on the part of Rennolds.

On trial of the issues as completed by a traverse of the affirmative allegations of the answer, the court at the close of the evidence sustained a motion for a directed verdict in favor of the defendants, and this appeal is from the judgment in conformity with such verdict.

The trial judge in sustaining defendant's motion for a peremptory instruction stated in a short opinion found in the transcript of evidence that in getting into the automobile, knowing the tired and sleepy condition of the driver, and himself going to sleep, Rennolds was guilty of such negligence as would preclude recovery; and it is to this phase of the case alone that briefs for counsel for respective parties are addressed.

Manifestly appellee was negligent in going to sleep and permitting his car to run off the highway. In fact, this is conceded by his counsel; the controversial point being whether the trial judge erred in determining as a matter of law that appellant's decedent was so contributorily negligent as to preclude recovery. No cases have been pointed out and we find none directly in point; however, there are a number of cases bearing close analogy.

As a general principle it is recognized that ordinarily a duty is imposed upon the driver of an automobile to use ordinary care for the safety of his guests, and unless a danger is known or is apparent to the latter, he may rely upon the assumption that the driver will exercise such care; but there is a point where passive reliance upon the driver ends and the duty of a guest to exercise ordinary care for his own safety begins. See 5 Am. Jur. p. 770, sec. 476. This duty arises out of the rule that all persons must exercise ordinary care for their own safety.

The case of Oppenheim v. Barkin, 262 Mass. 281, 159 N. E. 628, 61 A. L. R. 1228, in all material respects bears closer resemblance to the instant case than any to which our attention has been directed. In that case it appears that a guest in an automobile, knowing the driver had been driving for a very long period of time and with this knowledge, went to sleep on the rear seat, thus trusting himself entirely to the care of the driver and placing absolute reliance on the latter's caution. It was held that notwithstanding the driver's negligence in going to sleep and permitting the automobile to leave the highway and run into a post, in the proven circumstances, the guest was not entitled to recover for injuries sustained in the accident.

Counsel for appellant, however, cite and rely on the case of Jesse v. Dunn, 244 Ky. 613, 51 S. W. (2d) 918, 920, which they assert takes a contrary view; but that case is easily distinguished, in that (1) the injured party was, according to the evidence, a passenger and not an invited or gratuitous guest as in this instance, and (2) because there was no showing that the passenger knew the driver was exhausted or sleepy and would likely go to sleep and drive off the road, but on the contrary the driver told the passenger that he knew the curves of the road and that he never got sleepy.

The court, after referring to the holding in the Oppenheim v. Barkin, supra, relied upon as supporting the contention that Dunn was guilty of contributory negligence as a matter of law, said:

"There are two answers to the contention. In the first place, the evidence authorized a finding that Dunn was a passenger. If so, he had a right to assume that appellant and his driver would exercise the highest degree of care for his safety, and to intrust himself to them, and we are not prepared to announce the novel rule that, if a passenger is asleep just before or at the time he is injured by reason of some defect in the conveyance, or the negligence of the driver, he is guilty of contributory negligence as a matter of law. In the next place, we are not prepared to say that the rule announced in the above case is invariably sound even as to a guest. Much depends on the character and circumstances of the accident. It hardly can be said that a guest who is asleep is guilty of contributory negligence as a matter of law, when it is doubtful even if he had been awake whether he could have done anything to prevent the accident.''

It was held that in the circumstances the question of contributory negligence was for the jury.

It is an established rule in this jurisdiction that a person, who enters an automobile as a guest with knowledge that the driver is intoxicated to an extent that renders him careless or indifferent to his own safety or the safety of others or incompetent to properly operate the automobile, is guilty of contributory negligence, and that the guest assumes the risks incident to the operation of the automobile by a driver in such condition. Winston's Adm'r v. City of Henderson, 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C, 646; Archer v. Bourne, 222 Ky. 268, 300 S. W. 604; Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. (2d) 423.

It has been a subject of comment by this court that as a matter of common knowledge the use of intoxicants begets a spirit of recklessness and that their use to an appreciable degree of intoxication so disturbs the normal volitional and reflex powers as to render a driver of an automobile incapable of responding with the precision, judgment, and accuracy necessary to a proper and safe operation of an automobile. W. F.

Robinson & Son v. Jones, 254 Ky. 637, 72 S. W. (2d) 16; Toppass v. Perkins' Adm'x, supra; Brady v. B. & B. Ice Co., 242 Ky. 138, 45 S. W. (2d) 1051. It is equally well known of all men that inertia and drowsiness superinduced by loss of sleep and physical or mental fatigue also renders a driver equally incapable of properly and safely operating an automobile; and daily, results in serious accidents.

Some of the cases to which we have referred, and many others which might be cited, hold that the question of contributory negligence is generally for the jury. But there is a well-recognized exception where the facts are undisputed and but one conclusion can fairly be drawn from the evidence and there is nothing about which the minds of reasonable men may differ. In such a state of case the question is one of law for the court. Hines v. May, 191 Ky. 493, 230 S. W. 924; Straight Creek Fuel Company v. Mullins, 189 Ky. 661, 225 S. W. 726; McMurtry's Adm'x v. Kentucky Utilities Company, 194 Ky. 294, 239 S. W. 62.

In this instance there is no dispute about the facts. Appellee was in a state of drowsiness and fatigue and this was well known to appellant's decedent. When he entered the automobile with the knowledge of these facts and in the proven circumstances and conditions, he assumed the risk of injury resulting from such causes, and notwithstanding any negligence upon the part of appellee, he thereby precluded recovery for injuries that followed.

Some reference is made in brief to the "last clear chance" doctrine, but there is nothing in the pleading or proof to warrant its application. See Barksdale's Adm'r v. Southern Railroad of Kentucky, 199 Ky. 592, 251 S. W. 656.

Judgment affirmed.