## Newton's Adm'r v. Stengel et al.

June 6, 1944.

Morris, Garlove & Goldsmith and S. Arnold Lynch for appellant.

Woodward, Dawson & Hobson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee, John V. Stengel, owns a number of trucks, some of which he leases to the City of Louisville. On March 20, 1943, the other appellee, Charles Bowman, was driving one of Stengel's trucks, which was being used in hauling city garbage at the time Charles B. Newton was killed. Newton and William Fleck, the other occupant of the truck, were city employees. During the day Bowman, Newton and Fleck drank some wine and three buckets of beer. After the load of garbage had been weighed at the Ohio Street scales, Bowman started toward the River Road, which was about a block away. The truck turned over as he attempted to turn in the River Road and Newton was killed. At the conclusion of the appellant's evidence a peremptory instruction was given in favor of Stengel on the ground that Bowman

was not his agent in the operation of the truck at the time of the accident, and at the conclusion of all the evidence a directed verdict was given in favor of Bowman on the ground that Newton was guilty of contributory negligence as a matter of law and assumed the risk of injury in riding in the truck with Bowman when he knew he was drunk. The appellant contends both of these rulings were in error.

Having reached the conclusion the evidence warranted the instruction that Newton was guilty of contributory negligence as a matter of law, and assumed the risk of injury in riding in the truck which Bowman was driving when he knew he was drunk, we shall confine our consideration of the case to that question.

Bowman admitted he was drinking and said after they left Preston and Caldwell Streets, "We were about drunk." Police officers, who were at the scene of the accident shortly after it occurred, testified Bowman appeared to be drunk. There was other evidence to the same effect. Both parties place much emphasis upon the evidence of Fleck. A few days after the accident he signed a statement which, on cross examination, he said he swore to, wherein he said he, Bowman and Newton were drinking during the day; they had not had anything to drink for about an hour before the accident happened; when they reached the scales Bowman got out of the truck and was staggering; and both he and Newton had remonstrated with Bowman about his drinking whiskey during the day. On direct examination he said each of them took a drink of wine when they left the dump in the morning; during the day they drank three buckets of beer, which was no more than was usually consumed by them during the day; they drank nothing for about an hour before the accident; and Bowman gave no indication of being drunk until a few moments before the accident and at which time there was no opportunity. for him or Newton to escape from the truck. There was introduced also a second affidavit signed by Fleck wherein his version of the accident was substantially the same as his testimony given on direct examination.

The appellant earnestly insists the evidence does not conclusively establish the fact that Newton knew Bowman was intoxicated. The point is made also that the statements of Fleck which were read into the record by counsel for the appellees were not substantive evidence

724

and only went to his credibility as a witness. We have a somewhat different view of the weight of the testimony given by Fleck on cross examination. True, he was confronted with a statement which he said he gave under oath, but not in court. Not only was he asked whether he made the statements (which he admitted making), but when asked whether they were true he replied in the affirmative. When his evidence is taken as a whole, we fail to see how it can be contended seriously that he did not say, in effect, that Bowman was intoxicated and he and Newton were aware of the fact. This being true, it was proper for the trial judge to conclude that Newton assumed the risk of injury in riding in the truck with Bowman when he knew he was intoxicated. Archer v. Bourne, 222 Ky. 268, 300 S. W. 604; Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S. W. 2d 647; Mahin's Adm'r v. McClellan, 279 Ky. 595, 131 S. W. 2d 478.

The appellant places stress upon the Mahin case, but a careful analysis of the opinion will show we were of the view the case should have been submitted to the jury because there was considerable conflict in the evidence as to whether the driver of the car was drunk, and whether the plaintiff was aware thereof. In the case at bar there was no such conflict.

Judgment affirmed.