## Spivey's Adm'r v. Hackworth.

February 28, 1947.

E. B. Beatty, Judge.

142

John W. Walker and S. H. Rice for appellant.

Shumate and Shumate and Marshall McCann for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This is an action against a host for the death of his guest in an automobile. The verdict and judgment were for the defendant. The judgment would have to be reversed for erroneous forms of instructions but for our opinion that the court should have directed a verdict for the defendant.

The administrator, as plaintiff, proceeded warily with his proof. He established that the decedent, Arnold Spivey, had been home from the Army about ten days and that he, his brother, and a friend were in the automobile owned and operated by the defendant, Doyle Hackworth, on the night of October 16, 1945, enroute from a roadhouse to Irvine. The tracks of the defendant's car showed that it had crossed over to the left side of the road and gone over an embankment and turned upside down. We cannot understand the details because the map referred to by the witnesses is not in the record. Spivey died in an ambulance on the way to Irvine from the scene of the accident. Statements of the defendant that night were that a truck had run or crowded him off the road. In cross-examining the plaintiff's witnesses, counsel for the defendant sought to have them say that he (defendant) was intoxicated or drinking, but the witnesses seem to have evaded the question by generally saying that they thought he was scared and addled. This evidence did not establish negligence on the part of the defendant as the proximate cause of the accident, and the court should have sustained the defendant's motion for a peremptory instruction at this point, but he overruled it.

The defendant's proof was that he and his friends had been drinking often and copiously from early that evening and riding over the country here and there. They were drinking at a road house at Cliffside, called "Philosopher's Rendezvous." The decedent threatened to

shoot up the place. The defendant emphasizes that he, too, was drunk. The group was coaxed out and the doors locked against them. It was on the way from this place to Irvine that the accident occurred. The defendant testified:

"The only thing I know that happened, I run into a truck. * * * I don't know what side of the road it was on or how we passed. I had a recapped tire on the left hind wheel and a 66 jeep tire on the right side. The recap was four years old. It blew out and I lost control of the car. I don't know just what happened."

There was no collision, but the defendant related "it looked like it (the truck) would run me out of the road; I don't remember what happened; it was so quick." He did not remember any conversation or anything from that night (Tuesday) until Thursday. It could well be said that the defendant supplied evidence of negligence per se in proving that he was violating the statute against driving an automobile while under the influence of intoxicating liquor and had run off the left side of the road as he was meeting an oncoming truck on that side.

There is no contradiction of the evidence that the decedent was riding in the car knowing full well that the driver was drinking or drunk. If it should be said that a case was made out against the defendant by the application of the res ipsa loquitur rule, i. e., that the undisputed fact he was so drunk as to affect his ability to operate the car and ran it across the road and over the embankment speaks for itself to establish negligence (a question we do not here decide), there is no escape from the further rule of law that where a person voluntarily rides in an automobile knowing the driver to be in that condition, he is guilty of contributory negligence which precludes recovery of damages for injuries he sustained. Winston's Adm'r v. City of Henderson, 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C, 646; Archer v. Bourne, 222 Ky. 268, 300 S. W. 604; Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. 2d 423, 424; Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S. W. 2d 647; Mahin's Adm'r v. McClellan, 279 Ky. 595, 131 S. W. 2d 478; Whitney v. Penick, 281 Ky. 474, 136 S. W. 2d 570; Sutherland v. Davis, 286 Ky. 743, 151 S. W. 2d 1021;

Newton's Adm'r v. Stengel, 297 Ky. 722, 181 S. W. 2d 251.

Since the court should have directed a verdict like that which the jury returned on submission of the issues, even though the instructions were erroneous in form the errors are not of consequence. If proper instructions had been given, we would have to hold there was error in refusing a peremptory instruction for the defendant.

Wherefore the judgment is affirmed.