## Spencer v. Boes.

## Embry v. Same.

October 14, 1947.

L. R. Curtis, Special Judge.

Raymond C. Arny and Carl J. Richard for appellants.

Robert P. Hobson and Woodward, Dawson, Hobson & Fulton for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

These two cases were consolidated in the trial court as they arose out of the same automobile accident, therefore both will be disposed of in this opinion.

Pauline Myers Spencer and Juanita Embry were guests of James A. Boes in a car he was driving on the early morning of Jan. 15, 1946. Pauline instituted suit against Boes to recover $10,000 for personal injuries which she alleged she sustained as a result of his negligence. Stanley Embry, the husband of Juanita, sued Boes for a like amount for the loss of the services,

society and consortium of his wife, which he alleged resulted from personal injuries she received in the same accident on account of Boes' negligence. The answers contained denials, followed by pleas of contributory negligence and assumption of risk on the part of the two young women because they knew that Boes was incapacitated to drive the car in which they were riding.

At the conclusion of the evidence for the plaintiffs the court sustained motions made by defendant for directed verdicts. The only ground contained in the motions for new trials was that the court erred in directing verdicts in favor of defendant, and it naturally follows that this is the only question presented on this appeal. This necessitates a brief resume of the evidence.

Boes and two other young men in the car he was driving happened to meet by chance at a filling station early in the night of January 14, 1946, Pauline, Juanita and another young woman who was driving the car of Juanita's husband. It does not appear that these young people had previously known each other but they immediately became sufficiently acquainted for the men to follow the girls to a place known as Harbor Inn, located in Louisville on Fourth Street near the river. There they danced and drank at least one beer and part of another. The third girl got mad and left the group at this place; also, the third boy departed soon thereafter, leaving two couples, Pauline and Boes, Juanita and Floyd McGee.

Near eleven o'clock in the evening these four people started to the railroad yards to drive Boes' father home, but before doing so they stopped at another "little place" and had a glass of beer. Pauline testified that as they were going for Boes' father the boy said, "Don't let Dad know we have been drinking; don't let him smell it."

After taking Mr. Boes home, they went to the Tasmo, where, according to Pauline, Boes drank a couple of beers, danced with her and then they ate. Pauline further testified that she and Juanita drank three or four highballs made from a fifth of whiskey, which the boys sent out and bought at the Harbor Inn. Pauline did not know how many beers Boes drank at the Tasmo but

she guessed it was two or three. The two couples left the Tasmo and went to the Arch Club where they remained until it closed. Pauline testified that the boys were still drinking beer "and Juanita and me were drinking whiskey; you can't get very much highballs out of a quart of whiskey, so we just drank two or three." She did not know how much beer Boes drank at the Arch Club but she did not think it was a whole lot because he was dancing with her.

Juanita did not testify, but Pauline's testimony is that none of the crowd were drunk when they left the Arch Club. She stated, "I was feeling my drinks; I wasn't what you call drunk. I wasn't drunk at all; I was just silly, I guess." When asked, "You think a person is not drunk until they fall down?" Pauline answered, "Well, not until they get sick-looking, and get sloppy and everything else."

Nor did McGee testify, but Boes, whose testimony was taken as if upon cross-examination and read by the plaintiffs, in stating his condition said, "I had a few drinks. I wouldn't say (I was) actually sober, but I wasn't drunk."

When they left the Arch Club, Boes and Pauline were on the front seat and the other couple were on the rear seat. Pauline started driving but she didn't go "very far because I told him (Boes) I don't know where we are." Boes then took the wheel of the car and they drove around aimlessly for a bit and went in Iroquois Park. They started home shortly before two A. M., with Pauline asleep on the front seat. In his deposition Boes testified that the car was in good mechanical condition and the lights would reveal an object for 150 feet, or "one half the way across a football field," as he expressed it; that while driving 25 or 30 miles an hour he did not see a turn in the road, which he failed to make and ran into a stump, wrecking the car and injuring himself and the two girls. He could not explain why the accident happened as he was anticipating the curve and was keeping a lookout, except that it had been a long time since he had been over the road and he did not see the curve or the stump just beyond it.

It is usually a question of fact whether a guest is

guilty of contributory negligence in riding in a car driven by one who is intoxicated. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. 2d 423; Whitney v. Penick, 281 Ky. 474, 136 S. W. 2d 570. But the rule in this jurisdiction is that a guest entering an automobile knowing that the driver is so intoxicated as may cause him to be careless or indifferent to his own safety, or that of others, or incompetent to operate the car properly, is guilty of contributory negligence as a matter of law and assumes the risk incident to the operation of the car by a driver in that condition. Winston's Adm'r v. City of Henderson, 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C, 646; Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S. W. 2d 647; Spivey's Adm'r v. Hackworth, 304 Ky. 141, 200 S. W. 2d 131.

The question presented is, under this evidence did the trial judge err in directing verdicts in favor of defendant, or should he have submitted to the jury the question whether defendant was under the influence of intoxicants to such an extent that his driving was affected and whether these two girls knew, or by the exercise of ordinary care could have known, this fact at the time they entered the car with him when they left the Arch Club.

There is no conflict in the evidence that defendant had been drinking beer from early in the night until one o'clock in the morning. Just how much he had taken the record does not reveal but it does show he drank a considerable amount. While Boes denied being drunk, he admitted he was not sober. Assuredly, this record shows that defendant had consumed enough beer to so affect his driving as to make him incompetent to operate the car. These two girls had been with him all evening and knew he had consumed a considerable quantity of beer and that he was not capable of properly driving the car when they left the Arch Club in it with him. In the circumstances they were guilty of contributory negligence as a matter of law and the trial judge was correct in directing verdicts in favor of defendant.

Plaintiffs rely upon Mahin's Adm'r v. McClellan, 279 Ky. 595, 131 S. W. 2d 478; Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. 2d 423, and Whitney v. Penick, 281 Ky. 474, 136 S. W. 2d 570, as entitling them

to have their cases submitted to the jury. An examination of these authorities shows that there was a sharp conflict in the evidence on material facts. In the McClellan and Penick cases the evidence differed greatly as to whether the drivers of the cars were drunk. In the Perkins case there was a direct conflict in the evidence as to whether the guests knew the driver had been drinking when they got in the car. The facts in these cases relied upon by plaintiffs clearly distinguish them from the ones in the case at bar.

The contention of plaintiffs that they were entitled to directed verdicts and that the court should have submitted the cases to the jury only on the question of damages is so far-fetched that we do not think it proper to consume the time and space necessary to discuss it.

The judgments are affirmed.