### LAWLER v. COPELIN et al.

Court of Appeals of Kentucky.

June 5, 1953.

914

Haynes Carter, Elizabethtown, for appellant.

Davis Williams, Munfordville, for appellees.

MOREMEN, Justice.

Appellant, Mrs. Anna O. Lawler, administratrix of the estate of Homer F. Lawler, deceased, brought this action to recover of the appellees, John Copelin and Owen Sharpe, damages for negligently causing the death of Homer F. Lawler. Upon trial of the cause in the circuit court and after a verdict by the jury, judgment was entered dismissing the petition and from that action of the court, this appeal is prosecuted.

On Sunday afternoon, April 8, 1951, John Copelin and Chester Reynolds went to a clubhouse at Langdale where they met the appellee, Owen Sharpe, and the decedent, Homer Lawler. They drank a few rounds of beer together and then switched to whiskey. Later, after considerable intoxicants had been consumed, Copelin, Sharpe, Lawler, Reynolds and some other men left the clubhouse and went to Sunset Camp in Hardin County where they rented a cabin and engaged in the game of stud poker. From time to time during the course of the game, Homer Lawler went out and obtained more whiskey and the drinking continued until about daylight the next morning.

The appellee, John Copelin, lost all the money he had on his person and owed the decedent, Homer Lawler, $100 and Chester Reynolds $100 to each of whom he gave a check for the required amount on the Hart County Deposit Bank at Munfordville. After the game, Copelin, Sharpe, Reynolds and Lawler went to a roadhouse, drank some coffee and then proceeded to Munfordville where the winners cashed their checks at the bank. They then went to Perryville, purchased another quart of whiskey and continued to Bonnyville where Reynolds went back to work at his filling station. Copelin was very drunk but conscious enough to recognize his duty to see after his livestock. There was some contradiction by the witnesses as to whether or not the parties went to Lawler's home about 4 o'clock in the afternoon but, in any event, it was established that they decided to go to Opal Williams's poolroom in Meade County. The automobile which they were using was owned by Copelin but, by this time, Copelin was incapable of driving and Sharpe was operating the automobile. Lawler also was drunk and there was testimony to the effect that both Copelin and Lawler "passed out." They finally arrived at the poolroom. Lawler did not get out of the car, but Copelin and Sharpe did and went in Opal Williams's place where they had a few drinks. In a short time, Copelin was down. Lawler also was very drunk. Sharpe drove the car towards Brandensburg with Lawler and Copelin "passed out" on the back seat. The driver, Owen Sharpe, was very vague about what caused the inevitable accident, but the car was wrecked, Copelin and Sharpe were injured, and Lawler was fatally injured.

The petition filed by the administratrix was predicated upon the theory that the negligence of Copelin or that of Sharpe, while operating the automobile as an agent or servant of Copelin, caused the death of Lawler. Contributory negligence on the part of appellant's decedent was pleaded. The case was submitted to the jury and the result was a verdict for appellees.

Appellant urges for reversal that the opening statement of counsel for appellee to the jury was highly prejudical upon

three grounds: (1) because counsel stated that appellee was persuaded to drink beer; (2) because counsel made the statement, "Mr. Lawler made his living largely by gambling"; and (3) because he referred to two occurrences that happened prior to the accident. The occurrences referred to are set out in the Bill of Exceptions as follows:

"Came the counsel for the plaintiff and objected to statement of the counsel for the defendant in his opening statement referring to what happened two or three days prior to the accident "that the defendant, John Copelin, was persuaded to go to Langdale American Legion Club to drink beer on April 8th," and his objection was overruled to which ruling of the Court the counsel for the plaintiff objects and excepts. And the counsel for the plaintiff objects and excepts to the offering of any testimony along those lines as to something that happened two or three days prior to the accident, to which he was at the time given an exception to any testimony referring to anything that happened during that period of two or three days prior to the accident.

"The counsel for the plaintiff objected to reference of counsel for the defendant making the statement in the opening statement that 'Mr. Lawler made his living largely by gambling,' which objection was sustained, and to which ruling of the Court the counsel for the defendant objects and excepts."

Thus it may be seen that the first objection is directed to the rather trivial statement that the appellee, Copelin, was persuaded to go to the club and drink beer. It seems to us that the identity of the person who initiated the drinking spree is of little importance and we cannot see why it would have any effect upon the decision in this case.

Appellant also objected to that portion of the statement—although it is not plain from the above excerpt—offering testimony concerning something that happened two or three days prior to the accident. Of course, no testimony was being offered at that time but even if the objection had been made at an appropriate time,

we believe that it should have been overruled because the rule is well established that such evidence is competent when it has some logical relation to the issue and is pertinent. Hall's Ex'r v. Haynes, Ky., 247 S.W.2d 45; Blanton v. Wilson, 234 Ky. 637, 28 S.W.2d 970; Wells v. West, 228 Ky. 737, 15 S.W.2d 531.

In connection with the statement that Mr. Lawler made his living largely by gambling, we believe it necessary only to point out that objection was sustained to this statement and thereby counsel for appellant obtained all he asked for. There was no motion that the swearing of the jury be set aside and the panel discharged although we doubt the failure to discharge the jury under such circumstances would be prejudicial. The bar is well aware of the fact that an attorney who overstates his case in his opening remarks suffers later when the testimony fails to justify his statement.

Appellant's final contention is that the court erred in overruling a motion and grounds for a new trial based on newly discovered evidence. This cause was tried on January 16, 1952. A verdict and judgment were had on that day and, on the same day, a motion and grounds for a new trial were filed and various reasons for granting it were set out in the motion, but no mention was made that appellant was in possession of newly discovered evidence. This motion for a new trial was overruled on the same day, January 19, 1952. Thereafter, and on January 25, 1952, appellant filed a supplemental motion and grounds for a new trial in which she stated that she had discovered new evidence concerning the question of the degree of intoxication of Lawler, Copelin and Sharpe. She filed with the motion five affidavits of new witnesses and her own affidavit. The motion was overruled on January 29, 1952. The supplemental motion came too late. In Kentucky Central Railway Co. v. Smith, 93 Ky. 449, 20 S.W. 392, 394, 18 L.R.A. 63, we said:

"This court, in Houston v. Kidwell, 83 Ky. 301, adjudged that additional grounds might be filed after the three days, but was careful to say that such

additional grounds must be filed before the motion for a new trial was disposed of, and that construction was given with some doubt. It is true the court may as a general rule set aside orders made during the same term at which they were entered, and under this well-recognized rule of practice may set aside the order refusing a new trial, and grant one; but to permit counsel, after the motion has been overruled, to file other grounds, is in violation of the spirit and meaning of the Code."

However, even if the motion had been filed in time, we doubt that it would have been sufficient because when this cause was first called for trial on September 21, 1951, appellees asked for a continuation because of the absence of Owen Sharpe, and filed an affidavit which set forth the testimony they expected to be produced by Sharpe. This affidavit set out in detail the facts of the defense and placed appellant upon notice as to the entire facts appellees intended to prove. Due diligence on the part of appellant would have resulted in obtaining the witnesses she later discovered. In addition, two of the witnesses, John Oldham and Mrs. Jack Jenkins, stated that they were at appellant's home on April 9, 1951, between 3 and 4 p. m., at which time the appellees, Sharpe and Copelin, begged the decedent to accompany them to Opal Williams's poolhall, and that the decedent, Sharpe and Copelin were all sober. If these two affiants were in Mrs. Lawler's home and in her presence on April 9, 1951, as set out in the affidavit, then she should have known they would be valuable witnesses at the trial. The record does not disclose that appellant's action conforms with the requirements of the rule for granting a new trial on the grounds of newly discovered evidence. In Brady v. B & B Ice Co., 239 Ky. 170, 39 S.W.2d 252, 253, it was said that a new trial may be granted only: " '(1) When for newly-discovered evidence, the names of the witnesses who have been discovered appear; (2) that the appellant has been vigilant in preparing his case for trial; (3) that the new facts were discovered after the trial, and would be important; (4) that the evidence discovered will tend to prove facts which were not directly in issue on the trial, or were not then known, nor investigated by the proof; (5) that the new evidence is not merely cumulative.' (Citing many cases.)"

We think defendant's plea of contributory negligence was sustained beyond a doubt and that the jury had no alternative other than to find for the defendant. In Lewis v. Perkins, 313 Ky. 847, 233 S.W. 2d 984, 986, the court said:

"But the rule in this jurisdiction is that a guest entering an automobile knowing that the driver is so intoxicated as may cause him to be careless or indifferent to his own safety, or that of others, or incompetent to operate the car properly, is guilty of contributory negligence as a matter of law and assumes the risk incident to the operation of the car by a driver in that condition. Winston's Adm'r v. City of Henderson, 179 Ky. 220, 200 S.W. 330, L.R.A.1918C, 646, Reynolds' Adm'x v. Waggener, 271 Ky. 300, 111 S.W.2d 647; Spivey's Adm'r v. Hackworth, 304 Ky. 141, 200 S.W.2d 131."

We believe that appellant received a fair trial and that no prejudicial error occurred. The judgment is, therefore, affirmed.