**SMITH'S ADM'R**

v.

**SMITH et al.**

**SMITH**

v.

**SMITH et al.**

Court of Appeals of Kentucky.

June 23, 1954.

Pleaz Wm. Mobley and Roy W. House, Manchester, for appellants.

Brown & Bird, London, for appellees.

DUNCAN, Justice.

These actions, consolidated for trial and on this appeal, seek damages for the death of John Smith and the injury of his wife, Nettie Smith. The death and injury were the result of an automobile collision between two cars, one driven by the appellee, Tolly Smith, son of John Smith and stepson of Nettie Smith, and one driven by appellee, Fred Snyder. At the time of the collision, the decedent and his wife were passengers·

in Tolly Smith's car, and the suit is against the drivers of both cars. At the conclusion of the evidence for plaintiffs, the court directed a verdict for both defendants upon the theory that the decedent and his wife were guilty of contributory negligence as a matter of law. The only question on the appeal concerns the propriety of this ruling.

A preliminary question as to the date upon which an order was entered in the lower court extending time for filing the bill of exceptions has been raised in connection with a motion to strike the bill of exceptions and transcript of evidence. In view of the fact that the record is indefinite in this respect, we have decided that for the purposes of this appeal we will consider the bill of exceptions and transcript of record as properly before us.

On the early morning of October 18, 1952, the decedent and his wife left their home at Hector, Clay County, riding in an automobile operated by Tolly Smith, to visit decedent's daughter at Crab Orchard. They arrived at their destination and remained at the home of the daughter several hours. While there, Tolly Smith drank some whiskey. The amount which he drank and the extent of his intoxication are not definitely shown, but Nettie Smith admitted that she smelled whiskey on his breath and his father urged him to delay the return trip until the following morning because of his apparent intoxication. Tolly refused, and the parties started back to their home. On the return trip, Tolly stopped the car several times, got out and disappeared from the sight of his passengers. Mrs. Smith detected the odor of whiskey each time he returned to the car. When they reached a point near Garrard on U. S. Highway 421, the Smith car suddenly swerved into the path of an oncoming car operated by appellee, Fred Snyder. The cars collided and John Smith was killed instantly and his wife was seriously injured. Mrs. Smith says that Tolly had been driving at a high rate of speed and she had protested, unavailingly. She thinks he had reduced his speed slightly just before the accident.

So far as the appellee, Snyder, is concerned, there is not the slightest evidence of negligence on his part. There is no theory of the case under which it could have been submitted to the jury against him. It is insisted that the contributory negligence of John Smith and his wife was a question for the jury and that the case should have been submitted against Tolly Smith.

One who assumes the risk of a danger is guilty of contributory negligence so as to bar recovery when the injured person is aware of the conditions which create the danger and appreciates in his own mind the danger attendant upon such conditions. The danger of riding in a car operated by an intoxicated driver is a matter of such common knowledge that it will be conclusively presumed that the injured person appreciates the danger if he is aware of the driver's intoxication and the fact that his ability to operate the car is impaired thereby. Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021; Winston's Adm'r v. City of Henderson, 179 Ky. 220, 200 S.W. 330, L.R.A.1918C, 646.

In the usual case, it is the province of the jury to determine whether a driver was under the influence of intoxicants at the time of the accident to such an extent as to render him incapable of properly operating the automobile, and whether his passenger had any cause in the exercise of ordinary care to ascertain the condition of the driver or to be apprehensive for his own safety. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S.W.2d 423; Mahin's Adm'r v. McClellan, 279 Ky. 595, 131 S.W.2d 478; Kavanaugh v. Myers' Adm'x, Ky., 246 S.W.2d 451; Graves v. Cantrell, Ky., —— S.W.2d ——; and Coy v. Hoover, Ky., —— S.W.2d ——.

In this case, it is conclusively established that Tolly Smith was under the influence of intoxicants. That his condition was such as to cause Mr. and Mrs. Smith to be apprehensive of his ability to safely operate the car is evidenced by John Smith's insistence that he delay the return

trip until the next day. With knowledge of the driver's condition and the danger, attendant thereon, they assumed the risk of the collision which followed. We think under the circumstances shown here, the decedent and his wife were guilty of contributory negligence as a matter of law. It follows that the lower court properly directed a verdict for appellees.

The judgment is affirmed.