**Lewls COSBY, Appellant,**

v.

**James W. YOUNGER, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

March 14, 1958.

James Levin and Hanish & Hanish, Joe G. Leibson, Louisville, for appellant.

R. C. Hobson, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appelles.

Laurence Higgins, Louisville, for Wm. H. Nall.

MONTGOMERY, Judge.

Lewis Cosby sued James W. Younger, Jr., Catherine Knodler, and William H. Nall for injuries suffered by him in an auto collision. The action was dismissed as to Nall. Motions for directed verdict in favor of Younger and Knodler were sustained. Cosby appeals from the judgment entered pursuant thereto.

The sole question is whether under the proof the appellant assumed the risk and was contributorily negligent as a matter of law in riding with a driver with knowledge that he had been drinking and that the car had defective brakes. Appellant, Younger, and Thomas Camfield, Jr., three young men and friends of long standing, attended a night football game at DuPont Manual Stadium in Louisville on October 7, 1955. They sat next to a hospitable gentleman with a bottle, presumably of whiskey. Younger accepted two or three straight drinks; appellant and Camfield each had a mixed drink. After the game, the three young men went to a drug store near their home where they "messed

around" until about midnight. Then they left to get something to eat. The collision occurred about 2 a. m. The evidence does not satisfactorily explain their activities during the interim.

Younger's car ran into the rear of Nall's car, which had stopped for a red light at a street intersection. Viewing the evidence more favorably to appellant, Younger was about forty to fifty feet away when he first saw Nall's car. Younger was driving his car between thirty to thirty-five miles per hour. The brakes did not hold when he attempted to apply them. Appellant was asleep on the front seat of the car and claimed to know nothing as to how the collision occurred. He was knocked unconscious.

The police officer who investigated the accident stated that he smelled the odor of alcohol in the Younger car and that the occupants had been drinking. Nall testified that there was a pint whiskey bottle on the front seat of the Younger car. Its seal had been broken and part of its contents had been removed. The Nall testimony was denied, unconvincingly, by Younger. Appellant was not asked about the bottle.

The police officer stated that the brakes were defective. Appellant admitted that he had known for two weeks prior to the collision that the brakes on the Younger car were low in fluid and that he knew such to be their condition on the night of the collision. Appellant had ridden in the car nearly every night during the two weeks' period. Camfield, when asked about the condition of the brakes "that evening", said: "Every once in a while I noticed a few times during the night that he had to pump them to get them up." Younger said that the brakes were defective when he bought the car; the brakes had been worked on by a friend; he had to keep adding fluid; the brakes were not in good condition on the evening of the collision; and he had applied the brakes a couple of times in his effort to stop the car. Younger said that he might have discussed the defective brakes with appellant prior to the collision.

The established rule is that one must exercise reasonable care for his own safety, and if he wishes to assume a known risk he is not exercising that care and, therefore, is contributorily negligent. Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83; Jewell v. Dell, Ky., 284 S.W.2d 92; Electric Plant Board v. Dotson, Ky., 304 S.W.2d 779. The evidence is uncontradicted that the brakes on the Younger car were defective on the night of the collision and had been such for two weeks prior. Appellant admitted knowledge of the defective brakes. In riding in such vehicle, knowing that the brakes were defective, he assumed the risk of injury by reason of the known hazardous condition.

This is doubly true when the passenger knows that the driver of the car has been partaking of intoxicating liquor. Appellant knew of Younger's drinking at the football game. The "messing around" after the game, their unsatisfactory explanation as to what they were doing between midnight and 2 a. m., together with the testimony of the police officer and Nall concerning whiskey in the Younger car at the time of the collision, were evidence that Younger, with appellant's knowledge, had continued to indulge in intoxicating liquor until the time of the collision. Appellant did not deny the testimony given by the police officer and Nall. Under such conditions, appellant's remaining in the car and going to sleep, knowing of the defective brakes, are indicative of indifference to his own safety, and he is held to have assumed the risk of injury as the result of Younger's operation of the car. Rennold's Adm'x v. Waggener, 271 Ky. 300, 111 S.W.2d 647; Spencer v. Boes, 305 Ky. 573, 205 S.W.2d 150; and Kavanaugh v. Myers' Adm'x, Ky., 246 S.W.2d 451. The trial court was correct in directing a verdict in favor of the appellees.

Judgment affirmed.