## Irby v. Williams

June 20, 1950.

R. C. Tartar, Judge.

354

L. C. Lawrence and James A. Hicks for appellant.

F. D. Curry, J. A. Flowers, Hile Pritchard, and Davis, Boehl, Viser, & Marcus, for appellee.

VAN SANT, COMMISSIONER—Affirming.

Appellant brought the action against appellee, C. O. Williams, and his son, Willie Williams, to recover for injuries sustained while a guest in appellee's automobile which was being driven by the son who allegedly was using the car as agent for his father under the family purpose doctrine. At the conclusion of all the evidence, the court sustained the motion of appellee for a directed verdict in his favor.

The general plea of negligence was supported by the evidence which established that Willie Williams was intoxicated at the time of the accident. The evidence on this point shows that in the late morning of April 3, 1947, Willie, driving his father's car, and in company of Harrison Farthing, drove across the Tennessee border and purchased a pint of whisky. They then drove to Albany, where, by prearrangement, they were joined by appellant, Irby, and proceeded to Wolf Creek Bridge. While appellant fished, his companions waited in the car and consumed a part of the whisky. After fishing for an hour or an hour and a half, appellant rejoined his companions and all drove to Albany where Farthing stopped a few minutes at the post office. They then drove toward Monticello and returned to Albany where Farthing took his departure. Williams and Irby, with the former driving, proceeded toward Burkesville, reversed their direction and commenced the return trip

to Albany. In attempting to pass Ed Taylor, a taxi driver, the Williams car struck the Taylor car on its left front fender and bumper. The cars collided at a point on the highway which was perfectly straight for a distance of a mile and a half in each direction, and Taylor was driving well to the right of the center line of the road. From the time appellant commenced fishing until the time of the accident, Williams, Farthing, and appellant consumed practically all of the whisky which had been purchased in Tennessee. Williams perhaps drank more than his share, whilst appellant took but one drink. The boys kept the whisky bottle in the front seat of the car where all three were riding.

Much argument has been engaged in by counsel as to whether or not appellant took the one drink, but the determination of that fact would be neither helpful nor damaging to either side. Appellant relies on the fact that Williams was drunk and by reason of that fact lost control of his automobile. Appellee concedes the point and relies on the contributory negligence of appellant in continuing to ride with Williams with knowledge of the fact that Williams was intoxicated.

Where one, with knowledge that the driver of an automobile is intoxicated, enters or continues without protest as a passenger of the car, he will be deemed to be guilty of contributory negligence precluding him from recovering damages for any injury he may have sustained by reason of the negligence of the driver. W. F. Robinson & Son v. Jones, 254 Ky. 637, 72 S. W. 2d 16, Spivey's Adm'r v. Hackworth, 304 Ky. 141, 200 S. W. 2d 131.

Under the circumstances shown, appellant would have had to have been deaf and blind to have remained ignorant of appellee's participation in the drinking bout. The evidence as to appellant's knowledge of Williams' condition, whether drunk or sober, is more conclusive than the evidence of intoxication itself; that being true, the court properly directed the jury to return a verdict in favor of appellee on his plea of contributory negligence.

Having arrived at this conclusion, it is unnecessary for us to consider the question of the sufficiency of the evidence in respect to the liability of appellee under the family purpose doctrine.

The case as to Willie Williams was continued on the showing that he was an infant and had no guardian, curator, or committee and that a guardian ad litem had not been appointed for him. Since appellant's case against Willie may be the subject of another trial and appeal, nothing we have said in this opinion will be to the prejudice of either party in that action.

The judgment is affirmed.