## DONNELL v. PRUITT et al.

Court of Appeals of Kentucky.

March 5, 1954.

C. E. Schindler, Edwin Abraham, Louisville, for appellant.

Woodward, Hobson & Fulton, James L. Richardson, Jr., Louisville, for appellees.

DUNCAN, Justice.

This is an action by appellant, a guest in the automobile of appellee, James T. Pruitt, against Pruitt and the appellee, James L. Dedmon, for damages on account of personal injuries sustained in an intersection collision at Third and Avery Streets in Louisville, Kentucky, between the automobiles of the respective appellees. At the conclusion of all the evidence, the lower court directed a verdict for both appellees on the theory that appellant was guilty of contributory negligence as a matter of law. Appellant insists upon the appeal that the case should have gone to the jury against one or both of the appellees.

At the time of the collision, appellant and appellee Pruitt were traveling in a westwardly direction on Avery Street approaching Third Street, which is a boulevard and a one-way street for southbound traffic. Before entering the intersection, Pruitt asked appellant about the condition of the southbound traffic, to which appellant replied in substance, "It looks O. K., Jimmy." Without making the boulevard stop, Pruitt then proceeded across the intersection into Third Street. When he had reached a point some three-fourths of the way across Third Street, his car was struck on the right side by a car owned and driven by the appellee, Dedmon, which was traveling southwardly on Third Street. Appellant was thrown from the Pruitt car and suffered severe personal injuries consisting in the main of a comminuted compound fracture of the left leg, compound fracture of the skull, and multiple lacerations.

It is well settled that an automobile guest is required to exercise ordinary care for his own safety, and the failure to do so constitutes contributory negligence. Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S.W.2d 957; Haller's Pet Shop v. Pearlman, 253 Ky. 130, 69 S W.2d 9. The failure of the guest to exercise ordinary care may consist of overloading or overcrowding, KRS 189.470, Price v. U. S., D.C., 50 F.Supp. 676; continuing to ride in an automobile without protest against the driver's recklessness or negligence, Chambers v. Hawkins, 233 Ky. 211, 25 S.W.2d 363; Ford v. McQueary, Ky., 239 S.W.2d 486; or knowingly riding with a reckless, inexperienced, or intoxicated driver, Irby v. Williams, 313 Ky. 353, 231 S.W.2d 1.

We do not intend to imply that the duty of a guest is the same as that of the driver. While the standard of duty is the same, namely to exercise ordinary care, the conduct required to fulfill that duty is ordinarily different because circumstances are different and precautions to be taken by a guest are, in any event, less than those required of a driver. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S.W.2d 423.

We have no cases in Kentucky involving the identical factual situation which is presented in this case. However, it seems to us that application of the general rule which we have consistently followed would compel the conclusion that a guest who assumes to advise the driver that the way is clear and he can proceed in safety, thereby accepts the risk to be encountered, and is guilty of contributory negligence.

There is ample authority from other states supporting the view that a guest under facts similar to those shown in this case is guilty of contributory negligence as a matter of law. In Smellie v. Southern Pacific Railroad, Cal., 269 P. 657, 659, it was said:

"We are of the view that the evidence is susceptible of no reasonable interpretation under the rule of this state, but that as a matter of law, decedent was contributorily negligent in advising Ireland to go forward when he made the remark, 'It's all clear, let's go;' and hence we must sustain the action of the court below in taking the case from the jury and directing a verdict for defendants."

In Morningstar v. North East Pennsylvania R. Co., 290 Pa. 14, 137 A. 800, the decedent was sitting in the front seat of the automobile on the right side approaching a railroad crossing at a speed of 10

to 25 miles per hour. The view was unobstructed, and the decedent, when the car was within 25 feet of the crossing, looked and told the driver that the way was clear; thereupon the car was driven upon the crossing and struck by a train which came from the direction in which decedent had looked. It was there held that the guest was guilty of contributory negligence as a matter of law.

Some courts have gone so far as to hold, contrary to our own rule announced in Carnes v. Day, 309 Ky. 163, 216 S.W.2d 901, that a guest is required to keep a lookout ahead and warn the driver of the approach of other vehicles. Ferguson v. Lang, 126 Kan. 273, 268 P. 117, 63 A.L.R. 1423; Berrafato v. Exner, 194 Wis. 149, 216 N.W. 165; Alperdt v. Paige, 292 Pa. 1, 140 A. 555.

Appellant insists that his negligence, if any, in advising Pruitt that the intersection was clear was not the proximate cause of the collision since Pruitt testified that he was also keeping a lookout and relied on his own powers of observation rather than appellant's statement. The substance of Pruitt's testimony is that he drove into the intersection in reliance on both his own observation and the statement of appellant. The conduct of appellant is not required to be the sole cause of the accident to defeat his recovery. If his statement contributed toward the proximate cause of the accident, then, under the law, he is guilty of contributory negligence.

■ Under the circumstances, we think it was clearly established that appellant was guilty of contributory negligence as a matter of law.

■ Appellant further insists that even if it should be determined that he was guilty of contributory negligence, he, nevertheless, was entitled to a last clear chance instruction as against the appellee, Dedmon. The facts of this case do not bring it within the last clear chance rule. After the Pruitt car entered the intersection, both drivers had an equal opportunity to avoid the collision. The rule means just what the name implies. The defendant must have the last chance. If both parties have an equal opportunity to avoid the accident up to the moment of its occurrence, then the defendant does not have the last chance. As stated in Cyclopedia of Automobile Law by Blashfield, Vol. 4, Part 2, Section 2802, Page 392, "Where both plaintiff and defendant have equal opportunities to avoid an accident and plaintiff's opportunity comes as late as defendant's but plaintiff fails to use reasonable or ordinary care, the last clear chance doctrine is inapplicable and plaintiff cannot recover since the case becomes one of concurrent negligence."

The judgment is affirmed.