Claude GRAVES et al.

v.

Eunice CANTRELL, Administratrix of the Estate of Ivan Cantrell, deceased.

Court of Appeals of Kentucky.

June 25, 1954.

As Extended on Denial of Rehearing Dec. 3, 1954.

Bell & Orr, Bowling Green, for Claude & Wayne Graves.

Marshall Funk, Bowling Green, for Curtis Alford.

Milliken & Milliken, Bowling Green, for appellee.

WADDILL, Commissioner.

This is an appeal by Claude Graves, Wayne Graves and Curtis Alford from a judgment for $6,000 in favor of the administratrix of the estate of Ivan Cantrell, who was killed in a collision between cars driven by Wayne Graves and Curtis Alford. Claude Graves is the father of Wayne Graves, and was made a party under the family-use doctrine because Wayne was driving his car. Alford filed a cross-petition against the Graveses and the Graveses retaliated with a cross-petition against him, each claiming that the negligence of the other was the sole cause of the accident. Although there was no provision in Carroll's Civil Code of Practice, which is applicable here, for a filing of a cross-petition by one defendant against another in this type of case, Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165, no complaint is made about the procedure and we will consider the error waived. The jury found for neither party on the cross-petitions, in effect deciding that both drivers were negligent. Alford has appealed from the judgment entered on that verdict.

The accident occurred on a gravel road known as the Cedar Bluff Road at the crest of a sharp rise. The cars were traveling in opposite directions and collided head-on. Ivan Cantrell was riding with Wayne Graves. Carolyn Henson, Jolinda Henson, June Hammond and Junior Lillard were guests in Alford's car.

During the evening of the day this fatal accident occurred, Wayne Graves drove his father's automobile to Pitchford's store to attend an ice cream supper. With him were his 14 year old brother and his 15 year old sister. At about 8:00 p.m., he with Jolinda Henson, June Hammond and Junior Lillard, all young people, drove to the Warren-Simpson County line and purchased six cans of beer and a fifth of wine. On the way back, Wayne and Junior each drank a can of beer. When they returned to the ice cream supper, Ivan Cantrell, the deceased, a boy of 17, got into the car along with Curtis Alford and Carolyn Henson.

Wayne Graves then drove the car down the road and parked. Thereupon, according to appellant Graves, each of the boys drank a can of beer, but Junior Lillard testified that he did not see the deceased drink anything. Some of the boys, including Wayne, drank some wine and then they all returned to the ice cream supper where everyone got out of the car except Wayne and Ivan. A few minutes later Murrell Kitchens asked them to go to Woodburn with him to pick up a tire. At the Warren County line the three of them bought a fifth of wine. The wine was divided into two bottles because Wayne and Ivan were in one car while Kitchens was in another. It appears they had two or three drinks of this wine before returning to the ice cream supper. Wayne and Ivan drove to a spot the other side of Pitchford's store and parked to wait for Kitchens. Kitchens did not arrive so Wayne Graves started back toward the ice cream supper, intending, he said, to get his brother and sister and go home. On their way back, the collision occurred. Wayne estimated his speed at 30–35 miles per hour. The accident occurred approximately in the center of a narrow road at the crest of a hill. All the occupants of both cars were knocked unconscious.

During the course of the evening Wayne Graves drank two or three cans of beer and several drinks of wine. It appears that Ivan Cantrell drank a somewhat lesser quantity of each. Several witnesses who had observed Ivan and Wayne during the evening testified that there was no indication that they were under the influence of alcohol.

On this appeal it is urged that Ivan Cantrell was guilty of contributory negligence as a matter of law, because he knew Wayne Graves was intoxicated, and the court should have directed a verdict in favor of the appellants.

In Coy v. Hoover, Ky., 272 S.W.2d 449, we stated that the duty imposed by law on a guest in an automobile is to exercise ordinary care for his own safety. What constitutes ordinary care on the part

of an invited guest in an automobile necessarily depends upon facts and circumstances proven in each particular case.

The record fails to disclose any evidence of improper operation of the automobile on the part of Wayne Graves prior to the accident, such as should have put Ivan Cantrell on notice that Wayne was not able or willing to drive safely. At most there was an issue for the jury as to whether Wayne Graves was so intoxicated as to be careless of his own safety or that of others, and if he was, whether Ivan Cantrell was aware of the fact. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S.W.2d 423; W. F. Robinson & Son v. Jones, 254 Ky. 637, 72 S.W.2d 16. That issue was correctly submitted to the jury under proper instructions and it found no contributory negligence on the part of Ivan Cantrell.

Appellant relies on Kavanaugh v. Myers' Adm'x, Ky., 246 S.W.2d 451. That case is easily distinguishable because there the passenger actively participated in what was clearly the reckless operation of the automobile in which he was riding, and it was held that the drinking could not be separated from the cause of the wreck. We do not have such a situation here.

The question of whether both Wayne Graves and Curtis Alford were negligent in operating their automobiles was submitted to the jury and it found they were. We think there was ample proof to support that finding.

Judgment affirmed.

CAMMACK and COMBS, JJ., dissent.

CAMMACK, Judge.

I dissent, because I think the evidence in this case distinguishes it from the Coy case. In my opinion the plaintiff was guilty of contributory negligence as a matter of law when he got in the car knowing that Wayne Graves was drinking and had been doing so for several hours. I am authorized to say that Judge COMBS joins me in this dissent.