**Emory NOBLE, Jr., Appellant,**

v.

**Farmous JONES and Geneva Jones, Appellees.**

Court of Appeals of Kentucky.

July 2, 1965.

F. Byrd Hogg, Whitesburg, for appellant.

William Melton, Hazard, for appellees.

JOHN J. WINN, Special Commissioner.

This appeal is from a judgment in favor of two passengers in an automobile against its owner for personal injuries received by them when it was wrecked on a public highway. The trial was before the judge sitting without a jury. We agree with the findings of fact of the trial judge on one point only and disagree on all others.

It is stated in the findings that at the time of the accident the vehicle was being driven by Charles Allen. This we believe to be true. Significantly this finding was arrived at after plaintiffs were permitted to amend their complaint "to conform to the proof," over the vigorous and anguished objection of counsel for defendant, by alleging that the vehicle was being driven by Charles Allen or the defendant, Emory Noble, Jr., although it was positively alleged in the original complaint that the defendant owner was the driver and both plaintiffs had so testified unequivocally.

It appears to us that the trial judge based this particular finding upon his belief that the contrary admissions and statements made by the plaintiffs at the scene of the wreck to the investigating officer and other disinterested witnesses precluded the giving of any credence to their contention that defendant, Emory Noble, Jr., was himself the driver.

By the same token and for the same reason all of the other testimony of the plaintiffs were rendered equally incredible. The plaintiff, Farmous Jones, even denied that their car had been stopped in Indiana by an officer for a traffic violation although that occurrence had been testified to by both his wife and the defendant.

Both plaintiffs testified that there had been no intoxicants consumed on the trip, in fact that none were at any time in the automobile. Yet undeniably vodka and V. O. whiskey bottles and beer cans, some empty, some full and some partially full, were strewn in and about the wrecked car. The odor of intoxicants was detected upon the breath of all the occupants of the car by the investigating officer and ambulance driver and in the opinion of these witnesses all of said occupants were under the influence of alcohol in varying degrees. We are perforce led to believe the testi-

mony of the defendant in regard to the consumption of intoxicants and related matters.

The findings of fact fairly derived from the entire record we believe would be essentially of this substance:

Very early in the morning, shortly after midnight, Emory Noble, Jr., his roommate, Charles Allen, and Farmous Jones and the latter's wife, Mrs. Geneva Jones, all temporary residents of Chicago, began a trip in the Noble automobile for a visit to their family homes in Perry County, Kentucky, Emory Noble, Jr., and Charles Allen had already been drinking and carried intoxicants with them in the car. All three of the men continued to drink throughout the journey as far as Madison, Indiana, and to that end obtained additional intoxicants along the road. Before leaving Madison it became manifest that Emory Noble, Jr., who had driven all the way from Chicago, had become too drunk to drive. At the behest of Geneva Jones, or at least with her acquiescence, as well as that of the others, Charles Allen, on the assumption that though drunk he was less so than Emory Noble, Jr., was substituted as the driver; the latter passed out or went to sleep on the back seat and Charles Allen drove until the car was wrecked in the vicinity of Bedford, Kentucky.

To hold that the drunken man asleep on the back seat was in charge of the operation of the automobile and that the driver was his agent whose negligence was imputed to him solely and not to the passengers who had, or should have had, full knowledge of the circumstances, thus authorizing a recovery by those passengers against that owner, affronts one's innate sense of justice. By pursuing their journey with a driver known by them to be intoxicated, the Joneses assumed the risk and were guilty of contributory negligence as a matter of law. *Cosby v. Younger*, Ky., 311 S.W.2d 389, and cases cited therein.

It is no sufficient answer to say, relying upon CR 52.01, that the findings of fact of a trial judge are equivalent to the verdict of a properly instructed jury. The findings in this case were clearly erroneous. Had this evidence been presented before a jury it would have been the clear duty of the judge to direct a verdict for the defendant; and failing that, if it can be assumed that a jury should find a verdict for plaintiffs, upon timely motion the judge should just as clearly have entered a judgment n. o. v. dismissing the complaint.

We recommend that the judgment be reversed and remanded with directions to enter judgment for the defendant.

The opinion is approved by the Court and the judgment is reversed and remanded with directions that a new judgment be entered for the defendant.