**Milton Ray SULLIVAN, Appellant,**

**v.**

**Roger C. STRONG, Appellee.**

Court of Appeals of Kentucky.

April 22, 1966.

Rehearing Denied July 1, 1966.

J. Walter Clements, Louisville, for appellant.

Harry L. Hargadon, Jr., Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellee.

THOMAS J. HENNESSY, Special Commissioner.

On August 4, 1960, the appellee was a guest-passenger in the automobile operated by the appellant as they traveled beneath a railroad viaduct on Third Street near Eastern Parkway in Louisville, Kentucky. It was a warm night, and the appellee had his arm resting on the windowsill of the automobile. The appellant allowed his car to gradually move over next to the right-hand side of the viaduct and in so doing the appellee's right elbow struck the edge of the viaduct, and the injuries complained of resulted.

A number of conflicting statements, some written and signed by the parties, were made. From the testimony given at the trial, the following facts seem clear: The two young men were long-time friends and had, prior to the accident, been together for three and one-half to four hours driving about Louisville with numerous stops to drink beer. The driver of the car admits to consumption of eight or ten beers, but both parties state that though they could tell they were drinking, the drinking did not in any way affect them.

From a judgment in favor of the appellee, guest-passenger, the appellant, driver, here appeals.

When is a person intoxicated within the meaning of the law? The answer has been

clearly stated by this court in Tate v. Borton, Ky., 272 S.W.2d 333, wherein the court said:

"'Drunkenness' is a relative term. To some it means one thing, and to others something else. To most people perhaps it means an excessive degree of intoxication. It does not necessarily mean stupefaction or helplessness. It is not necessary that a person be 'blind drunk' or 'plastered' or 'drunk as a boiled owl,' to use some of the vernacular expressions, in order for him to be intoxicated within the meaning of the law. A person is intoxicated when he is under the influence of an intoxicant to such extent that his physical or mental faculties are affected and his judgment impaired. 29 Am.Jur., Insurance, page 763, section 1010."

It is the feeling of this court that the case of Lewis v. Perkins, 313 Ky. 847, 233 S.W.2d 984, is a case on all fours with the present one in that the facts of the two cases cannot be distinguished. There, as here, the trial court submitted the case to the jury, and it found for the passenger against the driver. In reversing the judgment, this court said:

"Here, * * * the question is whether appellant, 'was under the influence of intoxicants to such an extent that his driving was affected, and whether appellee knew, or by the exercise of ordinary care, could have known this fact.' It was a clear day, the road was dry, and there was nothing wrong with appellant's car. He could not account for his crashing into a tree. He had no theory as to why the accident occurred. Appellee and appellant, as well as the others,

had been drinking 'often and copiously' from the time they reached Lebanon until immediately before the accident. It is obvious, we believe, that the facts and circumstances of this case point unerringly to the cause of the wreck—too much beer."

Also Kavanaugh v. Myers' Adm'x, Ky., 246 S.W.2d 451; Cosby v. Younger, Ky., 311 S.W.2d 389. It is true in the instant case that the driver did have a theory as to why the accident occurred. The appellant's version that, "I just didn't judge the distance right," does not distinguish this case from Lewis v. Perkins, and the latter controls.

The facts in Spivey's Adm'r v. Hackworth, 304 Ky. 141, 200 S.W.2d 131, are similar to those in this case, and what is said in summary there is equally applicable here. The pertinent part of the opinion reads:

"There is no contradiction of the evidence that the decedent was riding in the car knowing full well that the driver was drinking or drunk. * * * where a person voluntarily rides in an automobile knowing the driver to be in that condition, he is guilty of contributory negligence which precludes recovery of damages for injuries he sustained."

On the facts, the trial court should have granted a directed verdict on behalf of the driver. Again, to reiterate, it is obvious, we believe, that the facts and circumstances of this case point unerringly to the cause of the wreck—too much beer.

Judgment is reversed.