Ruby Ann JEFFERY, Administratrix of Estate of Richard Jeffery, Deceased, Appellant,

v.

Houston RAY, Appellee.

Hazel JONES, Administratrix of Estate of Franklin Stone Henson, Deceased, Appellant,

v.

Leon COLLIE et al., Appellees.

Court of Appeals of Kentucky.

May 27, 1966.

Rehearings Denied Nov. 4, 1966.

Wm. Donald Overbey, Overbey & Overbey, Murray, for appellant Ruby Ann Jeffery.

Henry Lovett, Lovett, Lovett & Lovett, Benton, for appellant Hazel Jones.

Henry Whitlow, Waller, Threlkeld & Whitlow, Paducah, for appellees.

CONSOLIDATED CASES

WILLIAMS, Judge.

These two consolidated actions for wrongful death arise from an automobile accident which occurred in Hazel, Kentucky, where the automobile allegedly driven by the defendant Houston Ray left the road at a speed in excess of 100 miles per hour and struck a building. Richard Jeffery, a passenger in the automobile, was killed instantly and the other passenger, Franklin Stone Henson, died within a few hours without regaining consciousness. For the purpose of this appeal we will assume that Houston Ray was the driver, since the trial court directed a verdict in his favor on grounds that the deceased passengers were

contributorily negligent as a matter of law. The sole issue on this appeal is whether this ruling of the trial court was correct.

The appellee Ray, age 23, was employed as a "hook-up" driver and he had returned to Murray, Kentucky, at about 12:00 o'clock noon from Chicago, Illinois. He had driven all night from Chicago and he testified that he had not slept in bed for approximately forty-eight hours. At about 2:00 p. m., Ray picked up the decedents and they left Murray to go to a beer tavern just across the Tennessee state line. They arrived at the tavern about 3:00 o'clock, drank three beers apiece and "nearly all" of a fourth, when they decided to go back to Murray. Evidence indicates that the men were at this tavern for approximately two and one-half hours.

Appellee Ray testified that he was not drunk but was "asleep" or "just out." He likewise testified that after ordering the fourth beer he remembered nothing until he woke up in the hospital two days later. The only other witness testified that Ray and the decedents seemed to carry on their conversations normally and naturally and did not appear to be under the influence of alcohol. There is no other evidence in the record to indicate that Ray or the decedents were so incapacitated that they were unable to act with ordinary care. Nor was there any evidence that Ray communicated the fact that he was sleepy to the two decedents.

The fatal accident occurred on the return trip to Murray. At the conclusion of appellant's proof the lower court directed a verdict for the defendant appellee on the ground that decedents were contributorily negligent as a matter of law by getting in the car with a driver who had consumed three or four beers.

■ The question is whether appellee was under the influence of alcohol, lack of sleep, or both, to such an extent that his driving was affected, and whether decedents knew, or by the exercise of ordinary care should have known this fact if it did exist. This Court has enunciated the rule that this question usually is for the jury. "Usually it is a question of fact whether a driver was so far intoxicated at the time of an accident as to affect his ability to operate the car, and whether his passenger had any cause, in the exercise of ordinary care, to be apprehensive on that account for his own safety." 4 Blashfield's Cyclopedia of Automobile Law (Permanent Ed.), section 2453, cited with approval in Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S.W.2d 423, and Kavanaugh v. Myers' Adm'x, Ky., 246 S.W.2d 451. See also Graves v. Cantrell, Ky., 273 S.W.2d 556; Coy v. Hoover, Ky., 272 S.W.2d 449, and Lewis v. Perkins, 313 Ky. 847, 233 S.W.2d 984.

■ But the appellee urges us to apply the well-recognized exception to this general rule that where the facts are undisputed and but one conclusion can fairly be drawn from the evidence and there is nothing about which the minds of reasonable men might differ, the issue becomes a question of law for the court. Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S.W.2d 647. Appellee cites at least three cases where this exception was applied. In Lewis v. Perkins, supra, the court found the passengers guilty of contributory negligence as a matter of law where it was proved that the driver had consumed eleven or more beers and evidence indicated that the driver seemed to be under the influence of intoxicants. In Kavanaugh v. Myers' Adm'x, supra, the court held that the passenger was guilty of contributory negligence as a matter of law where the passenger not only participated in, but also urged and approved the actions of the driver, and all the evidence indicated that it was obvious the driver had been drinking to the extent that he could feel the effects thereof. We also sustained a directed verdict for defendant in Rennolds' Adm'x v. Waggener, supra, where it was undisputed that the driver warned the passengers of his need of sleep and he cautioned them to talk to him to keep him awake. In that case, the passengers fell asleep and the driver ran off the road. We

are of the opinion that the above-cited cases are distinguishable from the instant case since in those cases the facts were undisputed that the passengers were well aware of the driver's incompetent condition.

■ Here it was necessary that it be established that Ray was sufficiently drunk or asleep so as not to be capable of handling the automobile with due care, and that the decedents knew or should have known of this fact. Had this been done, a motion for a directed verdict would have been well taken. However, the evidence did not warrant such a conclusion as a matter of law. The witness who testified as to the condition of Ray stated that he did not appear to be under the influence of alcohol but that the three men carried on their conversations normally and naturally. There was no showing that the passengers knew that Ray was so incapacitated that he would not or could not properly operate his automobile. We are unwilling to hold as a matter of law that any time a passenger participates in drinking with the driver, regardless of the proof of extent of intoxication, the passenger is guilty of contributory negligence.

The judgment is reversed.

MONTGOMERY and HILL, JJ., dissenting.

MONTGOMERY, Judge (dissenting).

The opinion of the majority of the court is that they are "unwilling to hold as a matter of law that any time a passenger participates in drinking with the driver, regardless of the proof of extent of intoxication, the passenger is guilty of contributory negligence." In view of the facts of this case, I cannot agree with the majority opinion. The facts are that the driver of this car had been without sleep for approximately forty-eight hours, had consumed almost four beers, and was driving in excess of 100 miles per hour when his car struck the City Hall in Hazel, Kentucky. Under these circumstances it seems to me that the passengers, who had been with him for a period of approximately four hours prior to the accident, should have observed and should have known his condition, and, therefore, were contributorily negligent as a matter of law.

HILL, J., joins in this dissent.