**Russell BIDDLE, Appellant,**

**v.**

**Galen BIDDLE, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1967.

Rehearing Denied May 19, 1967.

Elmer G. Berling, Jr., Florence, for appellant.

John Lane Ackman, Williamstown, for appellee.

CULLEN, Commissioner.

Appellee Galen Biddle, while operating his automobile at high speed, ran off the road on the wrong side (apparently because of the high speed) and hit an embankment, causing the car to overturn. His brother Russell, the appellant, who was a passenger in the car, was injured. Russell sued Galen for damages. The trial court entered summary judgment dismissing the complaint on the ground that the undisputed facts showed that Galen was drunk and Russell knew it, wherefore Russell assumed the risk as a matter of law. Russell has appealed, maintaining that although the "facts" were undisputed, different inferences could be drawn from them by reasonable minds, and therefore there existed a genuine issue of fact for submission to a jury.

In a period of around three hours immediately preceding the accident the two brothers, in each other's company, each had imbibed "five or six" beers. In a deposition Russell was asked if he was feeling "pretty high" and responded that he wasn't feeling "that high," and that he "knew what I was doing." He said that the beer affected him to "some degree. As I say, anybody will." When they left the tavern his brother "was capable of driving the car" and "I wouldn't say he was intoxicated."

We think the evidence requires the conclusion that Galen was in fact intoxicated in the sense that his ability to operate an automobile properly was adversely affected and his judgment was materially impaired. Cf. Tate v. Borton, Ky., 272 S.W.2d 333. The best proof is found in the fact that he did not in fact operate his automobile properly nor did he exercise minimal good judgment. There remains, then, the question of whether Russell was chargeable with knowledge of Galen's state of intoxication.

Considering all of the circumstances—the quantity of beer consumed and the period of time devoted to it; the close relationship of the two men which would be calculated to give each of them a special knowledge of the other's reactions to alcohol consumption; and the wreck resulting from Galen's inability to operate his automobile safely— we conclude that reasonable men would have to agree that Russell was chargeable with knowledge that it was not safe to ride with Galen, and therefore Russell assumed the risk as a matter of law.

Our conclusion here is fully in accord with Sullivan v. Strong, Ky., 405 S.W.2d 298. It may be asked: What about Jeffery v. Ray, Ky., 406 S.W.2d 838? We can say only that the sum of the circumstances present in Jeffery did not impress us as forcing a conclusion on which reasonable minds could not disagree. It must be remembered that a clearly marked line cannot be drawn to designate the place at which a question ceases to be one on which reasonable minds could disagree and becomes one on which reasonable minds could not disagree. The decision by a court that a particular question falls into one category or the other may in a close case be controlled by an indefinable, intangible, instinctive consciousness, sensitivity or feeling growing out of the accumulations of experience. The distinguishing factor between the case that goes to the jury and the one that is decided by the court as a matter of law often is not capable of being identified, probably because there is no single factor but rather a delicate mixture of interacting agents. As in so many areas of the law we are dealing with matters of degree, which sometimes results in decisions that cannot be distinguished from each other by any unit of measure.

We do not say that six beers are too many but four are not. We simply attempt

to evaluate a set of circumstances with all of its inferences, nuances and shadings.

The judgment is affirmed.

MILLIKEN and STEINFELD, JJ., concur in full.

HILL, MONTGOMERY and OSBORNE, JJ., concur in the result by separate opinion stating other reasons.

OSBORNE, Judge (concurring).

I concur with the majority opinion herein, but I do not feel that it goes far enough. I believe that the case of Jeffery v. Ray, Ky., 406 S.W.2d 838 should be overruled. Starting with the case of Archer v. Bourne, 222 Ky. 268, 300 S.W. 604, which was decided in 1927, this court has uniformly held in a long line of cases that when the passenger drinks with the driver, who is later involved in a collision, the passenger is guilty of contributory negligence as a matter of law. These cases are: Irby v. Williams, 313 Ky. 353, 231 S.W.2d 1; Lewis v. Perkins, 313 Ky. 847, 233 S.W.2d 984; Kavanaugh v. Myers' Adm'x, Ky., 246 S.W.2d 451; and Smith's Adm'r v. Smith, Ky., 269 S.W.2d 260.

The only departure from this rule is to be found in the Jeffery case. The majority opinion herein makes some attempt to distinguish the present case from the Jeffery case, when the only distinction that logically exists is that in the Jeffery case the driver consumed four beers whereas in the instant case he consumed five or six beers. Is this court to be placed in a position of holding that one is guilty of contributory negligence when he rides with a driver who has consumed five beers, but not negligent when he rides with one who has consumed only four. Apparently this is the position which we now occupy.

When a passenger drinks with the driver and a collision ensues it is my opinion he is negligent as a matter of law. It is futile and foolish for this court to stand at the bar with these people and try to guess at what point in the drinking schedule negligence sets in.

It is, therefore, my opinion that the Jeffery case was wrong and should be overruled.

HILL and MONTGOMERY, JJ., join.