**Billy V. JOHNSON, Appellant,**

v.

**Billy Gene JOHNSON et al., Appellees.**

Court of Appeals of Kentucky.

May 5, 1967.

Joe Hobson, Burnis Martin, Prestonsburg, for appellant.

Harris S. Howard, Howard, Francis & Howard, Paul E. Hayes, Prestonsburg, for appellees.

MILLIKEN, Judge.

The issue here is whether it was proper for the trial court to enter a summary judgment for the defendant in a negligence case.

This is an action for personal injuries sustained in an accident while appellant was a passenger in an automobile owned and operated by appellee, defendant below. A third party complaint was filed by the appellee against Otis Hayes, the operator of another car, seeking recovery for any amounts that might be adjudged against appellee.

The trial court, on a motion for summary judgment, found that appellant was contributorily negligent and had assumed the risk of injury as a matter of law.

The accident occurred on August 12, 1962. Appellee had picked up appellant at his home around midnight. Both reside near Wheelwright in Floyd County, and they proceeded to drive approximately twenty miles to Martin where the appellee purchased some beer. They then drove to Dewey Lake near Prestonsburg some 15 miles from Martin and approximately 35 miles from their home. There they drove around for some time. During this period the beer was consumed and, as appellant deposed on discovery, appellee drank as many as five or six beers while appellant himself had several. They then drove back towards Wheelwright, stopping along the way at Allen and then at a friend's home. Appellant testified in his deposition on discovery that appellee was driving between 85 and 90 miles per hour, on and off, the 30 to 35 miles from Prestonsburg to where the accident occurred near Pike. He at no time requested appellee to slow down or to let him out of the car. At the time of the accident, between 4:30 and 5:00 a. m., appellee was attempting to pass another car driven by Otis Hayes which allegedly speeded up when appellee started around it. Appellant estimated that they were driving anywhere from 85 to 90 miles an hour, and stated that when they got around the Hayes car and cut back over to the right-hand lane they may have contacted Hayes' car. Appellee lost control of his car, and the accident resulted when the tires on the right side of his car went off the edge of the road. Appellee also crossed a double yellow line while attempting to pass the Hayes car.

█ Appellant was contributorily negligent as a matter of law if he rode in the car with appellee knowing him to be under the influence of intoxicating liquor, or if he did not protest the reckless driving of appellee and ask to be let out of the automobile if the protest went unheeded. Noble v. Jones, Ky., 392 S.W.2d 449 (1965); Kavanaugh v. Myers' Adm'x, Ky., 246 S.W.2d 451 (1952). See, also, Ford v. McQueary, Ky., 239 S.W.2d 486 (1951). Although there was no specific finding that appellee was drunk, it is sufficient to say that appellant tacitly admitted that he was contributorily negligent and assumed the risk of injury when he continued to ride with appellee without protest while the latter was driving at speeds of 85 to 90 miles per hour after drinking a substantial amount of beer. The tenor of appellant's deposition throughout impresses us as a frank statement of what actually occurred, so much so in fact that no effort of skilled counsel could nullify its effect. The speeding was the proximate cause of the accident, for it is clearly evident that if he had not been racing past this Hayes automobile the accident would not have occurred.

█ Appellant stated in an affidavit which he filed along with his motion for a new trial that some of the statements he had made at the time of his deposition on discovery were incorrect on account of his "confusion, mistake and misunderstanding, and to asking of other questions without a chance for explanation and the event happening over eighteen months before caused same." Specifically, appellant stated in his affidavit that the only time the car was traveling between 85 and 90 miles an hour was at the time the other car was being passed and that otherwise his car never approached that speed or was driven recklessly; and also that they had only six cans of beer between them which they drank before they reached Allen. Appellant should have submitted the affidavit before the summary judgment was granted, for he had an obligation to show that he could produce evidence on the trial which would create an issue of fact. Tarter v. Arnold, Ky., 343 S.W.2d 377; Mills v. Reserve Life Insurance Company, Ky., 335 S.W.2d 955; CR 56.03.

Since, at the time summary judgment was granted, there was no genuine issue as to any material fact, this Court concludes that the judgment was not contrary to the law and that the trial court did not abuse its discretion in granting the summary judgment for we conclude that, on the basis of the plaintiff's deposition, reasonable men would have to agree that the plaintiff was chargeable with knowledge of the danger of riding with the defendant and assumed the risk thereof. Biddle v. Biddle, Ky., 414 S.W.2d 136, decided February 24, 1967.

The judgment is affirmed.

All concur.

HILL, J., not sitting.