Melford IRWIN, Appellant,

v.

Jerome JENKINS, Appellee.

Court of Appeals of Kentucky.

May 3, 1968.

J. T. Hatcher, Hatcher & Lewis, Elizabethtown, for appellant.

Thomas B. Givhan, Shepherdsville, for appellee.

STEINFELD, Judge.

This action involves an automobile accident that occurred in Hardin County, Ken-

tucky, on June 23, 1966. Appellant, Melford Irwin, was riding as a guest passenger in the front seat of an automobile operated by appellee, Jerome Jenkins. Irwin sued Jenkins to recover for personal injuries, medical expenses, and loss of time, which he sustained when the car in which he was riding left the road and overturned.

At the conclusion of the trial the jury returned a verdict for Jenkins. Alternative motions for judgment n. o. v. or for a new trial were overruled and Irwin appealed. We affirm.

Appellant was 19 and the appellee was 18 years of age. They had been friends for some years. On the day of the accident they had first met about 6:30 p. m. and had gone to Flaherty, in Meade County. They purchased a case of beer, which was later taken to the home of Jim Burks, another friend, who was having a party.

While the evidence is in some conflict, it appears that both parties were drinking to some extent before the time of the accident. About 10:30 p. m. they left Burks' house, with appellee driving, and went to Radcliff, about 12 miles away where they got a sandwich. From there they started toward Flaherty and went down the road about two miles, the appellee driving. While they were going for more beer, the car left the road and struck a tree injuring appellant.

The trial began on the first day of the January term of Hardin Circuit Court. During the empaneling of the Grand Jury the petit jurors, who subsequently sat on the trial of this case the same day, were present in the courtroom and within the hearing of the court. At this time the court charged the Grand Jury and condemned the business of "bootlegging" in Hardin County and the "brazen bootleggers" who sold liquor to 18 year olds.

Appellant claims that these remarks prevented him from having a trial by a fair and impartial jury. Counsel for appellant was absent from the courtroom during the charge to the Grand Jury and was not aware of the remarks made by the court until after the trial. For this reason he made no timely objection to the jury panel. There is no complaint that the statements of the trial judge were not true, the parties themselves having admitted the joint purchase of a case of beer on the night in question. The remarks of the trial judge did not constitute an indictment of 18 year olds who purchase from bootleggers, but rather a condemnation of bootleggers who sell to teenagers.

There were not any bootleggers who sold alcohol to teenagers involved in this lawsuit. Plaintiff and defendant were two teenage buyers. The jury was not asked to pass moral judgment on teenage drinking. It was asked to determine whether or not the teenage plaintiff contributed to his own injury by knowingly riding with a drinking teenage defendant. This court has always viewed with considerable caution statements made by the trial judge because of the respect and esteem with which he is held by the jury and the substantial bearing his remarks have on the jury's opinion. Massie v. Commonwealth, 24 S.W. 611, 15 Ky.Law Rep. 562 (1894); Strange v. Commonwealth, 64 S. W. 980, 23 Ky.Law Rep. 1234 (1901); Searcy v. Commonwealth, 188 Ky. 422, 222 S.W. 513 (1920); City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S.W. 1064 (1927); Chism v. Lampach, Ky., 352 S.W. 2d 191 (1961) and Coffin v. Brown, 94 Md. 190, 50 A. 567, 55 L.R.A. 732, 89 Am. St.Rep. 422. It is our opinion that the remarks made by the court under circumstances that existed in this case were not prejudicial and did not cause the jury which tried the case to disregard the instructions given by the court.

At the close of the appellant's evidence counsel for Jenkins moved for a directed verdict on the basis that Irwin "either knew or should have known of the peril to which he exposed himself by undertaking to drive with a person who had been attending a beer party as described in the evidence" and on another ground. The

court overruled the motion. Since this case was tried we decided Biddle v. Biddle, Ky., 414 S.W.2d 136 (1967). The evidence of consumption of alcoholic beverages by Jenkins convinces us that on the authority of that case it would have been proper for the court to have sustained the motion for a directed verdict. Johnson v. Johnson, Ky., 414 S.W.2d 895 (1967).

It is unnecessary for us to consider the other arguments advanced by appellant to secure reversal.

The judgment is affirmed.

All concur.