Claude McDANIEL, Appellant,

v.

DOUGLAS MOTOR COMPANY, Louis Neal
Jones and Charles Peters, Appellees.

Court of Appeals of Kentucky.

Feb. 28, 1969.

Hatcher & Lewis, Elizabethtown, for appellant.

Wayne J. Carroll, Louisville, for appellees.

OSBORNE, Judge.

The appellant herein, Claude McDaniel, was seriously injured when a car in which he was riding went off the road and wrecked. The appellee, Louis Neal Jones, was the driver of the car at the time and Charles Peters, originally a defendant in the action, was a passenger. The action has been dismissed as to Peters and he is not involved upon this appeal. Appellee Jones moved for a summary judgment upon the basis of the plaintiff's interrogatories and depositions which had been filed in the case. The basis for this motion was that McDaniel was contributorily negligent as a matter of law. This is based upon the fact that Jones was intoxicated and McDaniel was aware, or reasonably should have been aware, of this fact at the time.

The trial court granted summary judgment. We believe the judgment should be affirmed. It is well settled in this state that a passenger who rides in a

car with a driver knowing him to be under the influence of intoxicating liquor is contributorily negligent as a matter of law if a wreck occurs as a result of the impairment of judgment occasioned by the drinking. Biddle v. Biddle, Ky., 414 S.W.2d 136 (1967); Johnson v. Johnson, Ky., 414 S.W.2d 895 (1967).

The question here is whether the ele ments were so conclusively shown by the matters contained in the record as to entitle the defendant to summary judgment on the ground of plaintiff's contributory negligence. Morton v. Allen Construction Co., Ky., 416 S.W.2d 733 (1967). The accident occurred early on a Sunday morning. The previous Saturday, Peters had bought a car from a local automobile dealer. He had trouble with the car on the way home and returned it to the dealer and borrowed the car in which the wreck occurred. After borrowing the car, he picked up Louis Neal Jones and went to a Fall Festival at a local high school. There Claude Mc-Daniel and two other men joined them and they proceeded to a nearby town (a 45-minute drive) to purchase beer and whiskey. After the purchases were made, they returned to the Fall Festival, remained for awhile and left for a third location to buy hamburgers. By the time they left the Fall Festival, the other two men had left them. The collision occurred on a curvy road. Jones testified he was driving 65 to 70 miles per hour and just couldn't make the curve. He further testified that he had drunk approximately one-half of one-fifth of 100-proof whiskey and two or three beers. He stated that he was not drunk however, he went on to explain this statement in the following terms: "I was drinking, I mean, I was feeling what I drank. I feel what I drink. I mean, I can drink four or five beers and I feel it. But, as far as me getting dog drunk and getting out here and laying down and staggering and all, I don't do it." He further testified that he was driving all right and that the wreck occurred because he was going too fast and didn't know the road.

■ Appellant's chief argument is that the testimony in the record does not prove that Jones was so intoxicated as to impair his ability to drive or that his drinking was the cause of the accident. They point to his testimony that the cause was his driving too fast on a road he did not know. We believe this argument to be without merit. He had consumed large quantities of whiskey and beer and the wreck was obviously due to bad judgment, viz., driving too fast on a curvy road he did not know. We do not believe reasonable men could differ but that the real cause was the impairment of his judgment from the heavy consumption of alcohol, Biddle v. Biddle, supra; Sullivan v. Strong, Ky., 405 S.W.2d 298 (1966); Tate v. Borton, Ky., 272 S.W.2d 333 (1954).

■ Appellant's second argument is that the depositions, taking the evidence most favorable to the appellant, do not show that he was aware of Jones' condition. On this point McDaniel, when asked if Jones had had anything to drink answered, "Not as I seen." However, the whole of his testimony indicates that he, Jones, Peters and the other two men had gone to Flaherty for the sole purpose of buying whiskey and beer. McDaniel testified that he got a case of beer and that he was not aware of how much the others got. When asked what they had done with the beer when they returned, he answered, "Well, I guess we left out from there and started drinking." His testimony is pretty vague from there on. At one point he testified that they left the Fall Festival and drank some beers. At another point he testified that he didn't remember anything after the Fall Festival. We can not give much credence to his negative statement that he did not see Jones drink in view of what was obviously going on and in view of the fact that he later testified that they "left out from there and started drinking." He does not say that Jones had not been drinking and we can readily understand why, for under the circumstances this would certainly have been remarkable indeed. We be-

331

lieve that in view of Jones' positive testimony as to the quantity of beverages consumed and in view of McDaniel's description of the activities of the evening and early morning a prima facie case of contributory negligence on the part of the appellant was made. It then became his duty to show in some way that there would be evidence upon the trial to create a genuine issue of fact. He had ample opportunity to do this before the motion for summary judgment was granted and failed to do so. There is no serious contention in this record that the evidence will be different upon the trial of the case. The sole contention is that the evidence presented is sufficient to take the case to the jury. We do not favor summary judgment proceedings in negligence actions, however, we are of the opinion that it was proper here. Gullett v. McCormick, Ky., 421 S.W.2d 352 (1967); Morton v. Allen Construction Company, supra; Payne v. B-Line Cab Company, Ky., 282 S.W.2d 342 (1955).

The judgment is affirmed.

All concur.