**David L. ALLGEIER and Mary Clay Norton, Appellants,**

v.

**Stephen N. GRIMES and James Johnson, Appellees.**

Court of Appeals of Kentucky.

Jan. 30, 1970.

Bill V. Seiller, Jones, Ewen, MacKenzie & Peden, Davis Howerton, Jr., Louisville, for appellants.

Robert E. Delahanty, Delahanty & Terry, Preston L. Terry, III, Louisville, for appellee Grimes.

William G. Colson, Louisville, for appellee Johnson.

EDWARD P. HILL, Jr., Chief Justice.

The appeals are from a judgment in favor of appellee Grimes for $12,882 and in favor of appellee Johnson for $3,195, entered pursuant to a verdict by a jury on the trial of two actions filed by appellees for the recovery of damages for personal injuries growing out of an automobile wreck. The actions were consolidated prior to trial and are being considered together on this appeal.

Appellants demand reversal for claimed error by the trial court in overruling their motions for summary judgment, for directed verdicts, and for judgments n. o. v., and in excluding certain evidence offered by them.

The accident out of which this controversy arose occurred April 1, 1966, shortly before midnight at the intersection of Poplar Level Road and Produce Lane in Jefferson County, Kentucky.

Appellant David L. Allgeier, age 17, was driving his mother's automobile. In the front seat with David were Stephen Grimes, age 15, and James Johnson, age 17. Two other young boys, whose identity is unimportant here, were riding in the back seat.

Earlier in the evening, these boys got together to take a ride in David's car. They "chipped in" and bought four six-packs of Country Club Malt Liquor and proceeded to drink. Within an hour, David, Stephen, and James had consumed between three to five cans of the concoction each.

After some "driving around," they ended up at McDonald's Drive-In Restaurant where they became involved in a conversation with two other boys, not theretofore in the picture, which resulted in agreement to engage in a drag race between David's car and that of the "other two" boys.

The race started as planned, but the driver of the car pitted against David's car quit the race early. David continued to accelerate his speed as if the other car were right on his tail until he hit a speed of 80 to 90 m. p. h. As he approached the intersection of Poplar Level Road and Produce Lane, he was too late in observing a stop sign. After running the stop sign, he struck a tree or telephone pole, demolished his automobile, and seriously injured the two appellees who, as noted, were riding in the front seat.

Appellants' first argument is simply that plaintiffs' evidence did not justify or sustain a verdict against them. More specifically, appellants insist that appellees were guilty of contributory negligence as a matter of law under a double-barreled theory: (1) for the reason that appellees were drinking with David to such an extent the ability of David was impaired, which fact was known, or should have been known, by appellees, and for this reason they assumed the risk, took the chance, or were contributorily negligent as a matter of law, preventing their recovery; and (2) disregarding the drinking entirely, the three boys in the front seat (David, Stephen, and James) were engaged in a joint venture, enterprise, or thrill, and each and all must take the consequences of his or their conduct.

First we review the evidence on the drinking question. Appellee James Johnson testified he and David had "been out drinking and driving before" the tragic evening on which the present wreck occurred; that he, Johnson, purchased the "Country Club Malt Liquor, brought it out" and they all went to a place and started to drink; that he knew David was drinking "as much as he was"; that he drank "three or four" cans in the space of about forty-five minutes, although he denied it affected him; that he did not know whether the drinking affected David.

Appellee Steve Grimes testified that about 9 p. m., the five boys got into David's car at the home of James Johnson, planned to attend a dance, but proceeded to first visit a "beer joint" on 3rd Street, a place in which "Jimmy Johnson could buy beer"; from there they drove around the neighborhood, parked, and drank beer. They then went to a Ranch House Restaurant, stopped for a short spell, and thence to Thomas Jefferson High School to attend a dance, which was over when they arrived; that they then proceeded to McDonald's on Preston Highway, arriving there a little after 11 p. m.; while there, they met two other boys who were riding in a '58 Plymouth; that "an agreement was reached" to engage in a race and a "bet" of "five" dollars was made; that he drank three or four beers; and that David

was driving "faster than usual" even before the race was to begin.

Appellant Allgeier testified that on the night of the accident the appellees and the other two boys in the group called and asked him to come by and pick them up so they could attend the dance at Thomas Jefferson High School. Both appellees admitted they had called Allgeier since he was the only one of them who had a car that night. We feel it is not necessary to go into details relating to the events leading to the accident as described by Allgeier, since they are basically in agreement with those facts testified to by the appellees. The only other portion of Allgeier's testimony that we refer to relates to his description of the effect the malt liquor had on him. He stated that after drinking five cans he felt "hazier and wild, more wild than usual."

Appellees contend on this appeal that there actually was never any race between the Allgeier car and the other car. They maintain the evidence clearly shows the driver of the other car didn't go through with the planned race since he made no attempt to accelerate his vehicle. Nevertheless both the appellees and the appellant testified they agreed with occupants of the other car to race, and when they left the starting point, they had every intention to engage the other car in a race.

The main argument made by appellants is that the appellees were contributorily negligent as a matter of law, thus denying any recovery by the appellees. The issue raised by the appellants has confronted this court a number of times in recent years. Perhaps the best analysis in this area among our recent cases is contained in Isaac v. Allen, Ky., 429 S.W.2d 37, 40 (1968), wherein this court said:

"The rule followed by the majority seems to be that the question must be left to the jury unless three things are obvious, (1) that the driver had been drinking to the extent that his ability to drive was affected, (2) that the person electing to ride with him must have known it, and (3) that a prudent person faced with the same choice under like circumstances would not have ridden with the driver."

A factual situation similar to the one in the present case arose in the case of Biddle v. Biddle, Ky., 414 S.W.2d 136 (1967). In Biddle, both the driver and his passenger had consumed about five or six beers. This court held the passenger could not recover since reasonable men would have to agree that the passenger was chargeable with knowledge that it was not safe to ride with the driver. Irwin v. Jenkins, Ky., 427 S.W.2d 819 (1968).

The same result was reached in the case of Johnson v. Johnson, Ky., 414 S.W.2d 895 (1967). There, this court held the passenger was contributorily negligent as a matter of law since he rode with the driver knowing that he was under the influence of intoxicating liquor, or if he did not protest the drinking of the driver. In our present case, the only protest lodged against the appellant driver prior to the race was made by appellee Johnson as they were leaving the McDonald's parking lot on their way to the agreed location for the race. The substance of Johnson's protest was a request for appellant Allgeier to go the other way and not follow the other car to the site of the agreed race. However, Johnson did not repeat his protest, nor did he ever give any reason why he wanted to go the other way. We conclude that Johnson's protest does not compare favorably with the protests found in Bybee v. Shanks, Ky., 253 S.W.2d 257 (1952).

During the entire course of events leading up to the accident, appellee Grimes never protested the drinking of appellant Allgeier or his racing. The only complaint made by Grimes was when the occupants of the car realized an accident was imminent since they were going too fast to stop at the intersection. Although Grimes was only 15 years old at the time of the accident, the fact he was a minor does not pre-

vent him from being held contributorily negligent as a matter of law. Cambron v. Bartlett, Ky., 333 S.W.2d 764 (1960).

 It is concluded that the appellees were guilty of contributory negligence as a matter of law.

It is not necessary to consider the questions raised by appellants relating to the trial court's exclusion of certain testimony offered by appellants.

The judgment is reversed with directions to sustain appellants' motion for judgment notwithstanding the verdict.

MILLIKEN, NEIKIRK, PALMORE, STEINFELD and REED, JJ., concur.

OSBORNE, J., concurs in the result only.