John B. Breckinridge, Atty. Gen., Frankfort, H. M. McTyeire, Asst. Atty. Gen., Frankfort, for appellant.

Morris Weintraub, Newport, for appellee Rink's Department Stores.

**Charles PERRY, by and through his Administratrix, his wife, Carol Perry, Appellant,**

**v.**

**Allen BAKER, Appellee.**

Court of Appeals of Kentucky.

May 1, 1970.

H. Nicholas Baker, David Kaplan, Kaplan, Lyon & Brady, Louisville, for appellant.

Ernest H. Clarke, Stites & McElwain, Louisville, for appellee.

CLAY, Commissioner.

This is a suit for personal injuries sustained by appellant's decedent in an automobile accident. (He later died from an unrelated cause.) A jury verdict in the amount of $2500 in appellant's favor was set aside by the trial court and appellee was granted a judgment notwithstanding the verdict. The only issue on this appeal is whether appellant's decedent was contributorily negligent as a matter of law because of the drinking activities of the parties.

The decedent was a passenger in the car driven by appellee, who was a minor. About 6:30 p. m., the decedent purchased a pint of vodka, which the two proceeded to drink within an hour. The decedent then purchased another pint which they mixed with orange juice. They picked up two girls and decedent on the back seat was serving the drinks.

Twice before the accident happened at 9:20 p. m., one of the girls had spoken to appellee about his improper driving. The accident occurred when someone on the back seat (apparently the decedent) tapped him on the shoulder. He turned around, let go of the steering wheel and the car ran off the road and hit a utility pole. Appellee testified "he was intoxicated" and "three-fourths drunk". He estimated he had consumed a pint of vodka within less than a three-hour period.

It is appellant's contention that there was a jury question as to whether the driver had been drinking sufficiently to impair his ability to drive. All of the facts in this case prove such sufficiency. Improper driving was twice noted by another passenger. The nature of the accident indicated the effect of the alcohol. See Biddle v. Biddle, Ky., 414 S.W.2d 136 (1967). The decedent, who was serving drinks to a young person he knew had theretofore consumed a substantial amount of an intoxicating beverage, must have known the effect this would have on appellee's ability to drive.

Applying the principles set forth in Biddle (cited above), Sullivan v. Strong, Ky., 405 S.W.2d 298 (1966), Isaac v. Allen, Ky., 429 S.W.2d 37 (1968), and Allgeier v. Grimes, Ky., 449 S.W.2d 911 (1970), it is evident that decedent's course of conduct under the circumstances was such as to constitute contributory negligence as a matter of law.

The judgment is affirmed.

All concur.